STATE OF MARYLAND *v.* MURRAY MICHAEL

[No. 37, September Term, 1967.]

*Decided January 29, 1968.*

The cause was argued before MORTON and THOMPSON, JJ., and McWILLIAMS, J., Associate Judge of the Court of Appeals, specially assigned, and SACHSE, J., Associate Judge of the Fifth Judicial Circuit, specially assigned.

*Frank A. DeCosta, Jr., Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *William A. Linthicum, Jr., State's Attorney for Montgomery County,* on the brief for appellant.

*Joseph Forer* for appellee.

THOMPSON, J., delivered the opinion of the Court.

The sole question presented for our determination on this appeal is whether or not the one year statute of limitations contained in Md. Code, Article 57, § 11 (1964 Repl. Vol.) barred this prosecution.

On April 6, 1966, the grand jury for Montgomery County returned an indictment charging Murray Michael, the appellee,

with six counts of conspiracy between December 29, 1958, and November 2, 1961. The trial court determined the aforesaid statute of limitations barred the prosecution and the state appealed.

Md. Code, Article 57, § 11 provides that:

"No prosecution or suit shall be commenced for any fine, penalty or forfeiture, or any misdemeanor, except those punished by confinement in the penitentiary, unless within one year from the time of the offense committed."

The State's first contention is that the second and fifth counts of the indictment come within the "penitentiary misdemeanor" exception of this limitations statute. Its reasoning is that these counts charge a conspiracy to obtain money by false pretenses, and that the substantive offense, Md. Code, Article 27, § 140 (1967 Repl. Vol.) is punishable "by fine and imprisonment, or by confinement in the penitentiary for not less than two years, nor more than ten years." Md. Code, Article 27, § 38 (1967 Repl. Vol.) (enacted in its present form in Laws of Maryland, 1961, Chapter 691 and effective June 1, 1961) provides as follows:

"The punishment of every person convicted of the crime of conspiracy shall not exceed the maximum punishment provided for the offense he or she conspired to commit."

The State's argument is that this latter section of the Code permits confinement in the penitentiary for the offense of conspiring to obtain money by false pretenses and therefore there is no statute of limitations on such a charge. We do not agree.

We cannot read the language "shall not exceed the maximum punishment provided for the offense" to mean the same as—the punishment for conspiracy shall be identical as the punishment for the substantive offense.[1] In other areas such

---

1. In Maryland punishment by confinement in the penitentiary has been considered as a more severe punishment than confinement in other places. See *Archer v. State,* infra.

a construction would lead to absurd results. It would mean, for example, that a conspiracy to commit a capital offense would be punishable by death. Without a more definite expression, we cannot believe that the legislature intended either to impose a death penalty for conspiracies to commit capital crimes or to remove all limitations from conspiracies to commit felonies. This view is supported by the history of Section 38, *supra*. In *Archer v. State,* 145 Md. 128, 125 A. 744 (1924) the Court of Appeals of Maryland held that a conspiracy was a common law misdemeanor for which there was no prescribed place of confinement and therefore the one year limitation period under Article 57, § 11 was applicable. It rejected the argument that Md. Code, Article 27, § 654 (as then in effect), by permitting the transfer of persons from the Maryland House of Correction to the Maryland Penitentiary, by implication authorized imprisonment in the penitentiary of one convicted of conspiracy to obtain money by false pretenses thereby removing the statute of limitations from the offenses. Md. Code, Article 27, § 38 (1957) as enacted by Chapter 651 of the Laws of Maryland 1927 provided as follows:

> "Every person convicted of the crime of conspiracy shall be liable to be punished by a fine not exceeding two thousand dollars, or imprisonment in the jail or the Maryland House of Correction or the Maryland Penitentiary for not more than ten years, or both, in the discretion of the Court; provided that all actions or prosecutions hereunder shall be commenced within two years after the commission of said offense."

Thereafter in 1961 the General Assembly enacted Section 38 in its present form, omitting any specific reference to the statute of limitations and to confinement in the penitentiary. It seems obvious to us the intention of the legislature was simply to avoid the effects of *Scarlett v. State,* 201 Md. 310, 93 A. 2d 753 (1953) which held that an accused could, in some cases, receive a much longer term for a conspiracy than for the completed crime which was the object of the conspiracy. Cf. 18 U.S.C. §371. For more than a century the crime of conspiracy had been governed by a one or two year statute

of limitations, Chapter 651 Laws of Maryland 1927, *supra,* and *Archer v. State, supra.* We repeat that had the legislature intended to make such a radical change in the law as to remove all statute of limitations on conspiracies to commit felonies, it would have done so in unmistakable language.

The State also contends that a prior indictment for the same offenses tolled the statute of limitations. Michael was originally indicted well within the year and pleaded guilty under one count of the original indictment, but he filed a timely appeal to the Court of Appeals of Maryland. While the appeal was pending, the Court decided *Schowgurow v. State,* 240 Md. 121, 213 A. 2d 475; therefore, Michael's appeal was remanded so that he could be given an opportunity to dismiss the original indictment because of the manner in which the grand jury had been selected. On January 28, 1966, Michael exercised his option to dismiss the indictment. On April 6, 1966, a newly constituted grand jury returned the present indictment in a form which is identical to the original indictment.

The State concedes, and we agree, that *State v. Kiefer,* 90 Md. 165, 44 A. 1043 (1899) established the rule in Maryland that an invalid indictment does not toll the statute of limitations. This is in accordance with the general rule, where, as in Maryland, there is no express statutory exception. 1 Wharton *Criminal Law and Procedure* (Anderson's 12th Edition) §184.[2] Yet the State argues that the rule was changed with the adoption by the Court of Appeals of Maryland of Maryland Rule 725 e.

> "If a motion is determined adversely to the accused he may plead. A plea previously entered shall stand. If the court grants a motion based on a defect in the institution of the prosecution or in the indictment, it may order that the accused be held in custody, or that

---

2. The indictment here was merely voidable and not void, but that is of no consequence after the accused has made his election. See *Benton v. State,* 1 Md. App. 647, 232 A. 2d 541 and *Sadler v. State,* 1 Md. App. 383, 230 A. 2d 372 holding that there can be no double jeopardy where the indictment was voided at the election of the accused.

his bail be continued for a specified time pending the filing of a new indictment."

This rule was modeled after Rule 12 (b) (5) of the Federal Rules of Criminal Procedure:

> "If a motion is determined adversely to the defendant, he shall be permitted to plead if he had not previously pleaded. A plea previously entered shall stand. If the court grants a motion based on a defect in the institution of the prosecution or in the indictment or information, it may also order that the defendant be held in custody or that his bail be continued for a specified time pending the filing of a new indictment or information. *Nothing in this rule shall be deemed to affect the provisions of any act of Congress relating to periods of limitations.*" (Emphasis supplied.)

The State argues first that the omission of the thought contained in the last sentence of the Federal Rule indicated an intention to alter the rule of *State v. Kiefer, supra.* The simple answer to this argument is that Appendix C to the Maryland Rules, purporting to list all of the statutes modified by the Rules, does not include Article 57, Section 11.[3] Furthermore, the grant of rule making power to the Court of Appeals of Maryland by Section 18A of Article IV of the Maryland Constitution is for the purpose of regulating "practice and procedure." We know of no authority holding that a statute of limitations comes within such a grant.[4]

The State further argues that the order of the Court of Appeals of Maryland remanding the case under *Schowgurow v. State, supra* demonstrated a limited purpose to allow Michael

---

**3.** Maryland Rule 1 h has no application unless there is a "necessary implication" that a statute is repealed or modified. We can see no "necessary implication" here.

**4.** See Clark and Marshall: *Law of Crimes* Sec. 6.20 and 1 Wharton: *Criminial Law and Procedure* (Anderson's 12th Edition) §179. A criminal statute of limitations is substantive and not procedural.

to be retried under an indictment by a valid grand jury. The language specifically relied on was:

> "The appellant should be further advised that in the event he wishes to avail himself of the defect in the composition of the grand and/or petit jury, the State will be entitled to present the charges against him to a properly constituted grand and/or petit jury, which may or may not reindict and/or reconvict him. The appellant should be further advised that in the meantime he will remain in custody or continued on bail as the circumstances of the case may require."

We are unable to ascribe such effect to the language used. This was the language used in the remand of all criminal cases then pending. We think its purpose was to permit the appellants in all cases to exercise their rights to require that they be legally indicted. If a new grand jury refused to indict or if for any other reason, including the running of the statute of limitations, there was no valid indictment returned, there could be no further prosecution. As we have previously held, *Benton v. State, supra, Sadler v. State, supra,* once an accused has elected to have his pre-*Schowgurow* indictment declared void, it is of no further legal effect.

*Order affirmed.*