671 A.2d 495

**Morris K. GARY**

v.

**STATE of Maryland.**

**No. 64, Sept. Term, 1995.**

Court of Appeals of Maryland.

Feb. 8, 1996.

Nancy M. Cohen, Assistant Public Defender (Stephen E. Harris, Public Defender, on brief), Baltimore, for petitioner.

Diane E. Keller, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General, on brief), Baltimore, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

CHASANOW, Judge.

We are called on in this case to determine whether the trial judge erred in imposing a sentence of life imprisonment for the crime of conspiracy to commit first degree murder. We find no error in the sentence, and therefore affirm the decision of the trial judge.

## I.

Petitioner Morris K. Gary (Gary) was convicted by a jury in the Circuit Court for Baltimore City of conspiracy to commit first degree murder. Evidence at trial showed that Gary was one of several participants in a drive-by shooting on Old York Road in Baltimore. Testimony revealed that the shooting grew out of an ongoing feud between two groups of young

men, one living in the McCabe Avenue area of Baltimore and the other in the Old York Road neighborhood. In August of 1992, a young man living in the McCabe Avenue area was killed, and several of his friends believed that their rivals on Old York Road were responsible for the killing. On August 23, 1992, several members of the McCabe Avenue group decided that "somebody had to pay" for the murder of their friend. To avenge the murder, members of the McCabe group planned to "drive by and shoot up [the Old York Road] neighborhood," in an attempt to kill some of "the Old York Road guys" who had been shooting at them. First, a scout was sent out to ensure that some of "the Old York guys" would be on the street. Then, the men took several firearms and got into a van. As the van travelled up Old York Road, several of the men opened fire on people in the street, killing two and wounding several others.

Gary was charged with two counts of murder, conspiracy to commit first degree murder and related charges. The jury deadlocked on the murder charges, but convicted Gary of conspiracy to commit first degree murder. Judge Elsbeth L. Bothe sentenced Gary to life in prison on the conviction for conspiracy to commit first degree murder. Gary appealed to the Court of Special Appeals, which affirmed both his conviction and sentence in an unreported per curium opinion. We granted certiorari to consider Gary's contention that his sentence of life imprisonment for conspiracy to commit first degree murder was illegal.

## II.

The discretion of a judge imposing sentence in Maryland is extremely broad. *Logan v. State,* 289 Md. 460, 480, 425 A.2d 632, 642 (1981). Only three grounds for appellate review of sentences are recognized in this state: (1) whether the sentence constitutes cruel and unusual punishment or violates other constitutional requirements; (2) whether the sentencing judge was motivated by ill-will, prejudice or other impermissible considerations; and (3) whether the sentence is within statutory limits. *Teasley v. State,* 298 Md. 364, 370, 470

A.2d 337, 340 (1984). Gary does not contend that his sentence is unconstitutional, or that Judge Bothe was motivated by impermissible considerations. His sole contention is that his sentence exceeds a statutory limitation imposed by the legislature, and therefore is illegal.

■ The relevant statutory provision is Maryland Code (1957, 1992 Repl.Vol.), Article 27, § 38,[1] which provides:

"The punishment of every person convicted of the crime of conspiracy shall not exceed the maximum punishment provided for the offense he or she conspired to commit."

There can be no dispute that the statute, by its plain language, limits the maximum penalty for conspiracy to the maximum penalty for the substantive crime that was the object of the conspiracy. Hence, any sentence *up to and including* the maximum penalty for the substantive crime is permissible. *See DeLeon v. State,* 102 Md.App. 58, 63, 648 A.2d 1053, 1055 (1994) (noting that a sentencing provision setting an upper limit indicates implicit legislative approval to impose any sentence up to that limit); *accord Walker v. State,* 53 Md.App. 171, 187, 452 A.2d 1234, 1243 (1982).

■ In the instant case, Gary was charged with and convicted of conspiracy to commit first degree murder.[2] The penalty for first degree murder in Maryland is set out in Art. 27, § 412(b), which provides in pertinent part:

"[A] person found guilty of murder in the first degree shall be sentenced to death, imprisonment for life, or imprisonment for life without the possibility of parole."

Thus, a sentence of life imprisonment for conspiracy to commit first degree murder is the lowest of the statutory penalties for

---

1. Unless otherwise provided, all references to Article 27 are to Maryland Code (1957, 1992 Repl.Vol.).

2. Where, as in the instant case, the object of a conspiracy is to kill, the appropriate charge may be conspiracy to commit first degree murder. *See Bell v. State,* 48 Md.App. 669, 680, 429 A.2d 300, 306 (1981) ("If one conspires to murder ... the conspiracy itself is the premeditating factor raising the underlying crime from a second to a first degree offense.").

first degree murder.[3] Therefore, Gary's sentence does not violate the maximum penalty for conspiracy to murder set out in Art. 27, § 38, and is not illegal.[4]

■ Gary, however, argues against this inescapable conclusion. He posits that despite the plain language of the statute, the legislature intended that there be a ten-year limit on any sentence for conspiracy, regardless of the maximum sentence permitted for the substantive crime that was the object of the conspiracy. For support, Gary points to a previous version of Art. 27, § 43A, enacted in 1927, which provided in pertinent part:

> "Every person convicted of the crime of conspiracy shall be liable to be punished by ... imprisonment ... for not more than ten years...."

Chapter 651 of the Acts of 1927.[5] In 1961, the legislature repealed the 1927 version of the statute and adopted Art. 27, § 38 in its present form, without the 10-year limitation. *See* Ch. 691 of the Acts of 1961.

---

3. We are not called upon in this case to decide whether a defendant convicted of conspiracy to commit murder could receive life imprisonment without the possibility of parole. Article 27, § 412(b) authorizes this harsher sentence for defendants convicted of first degree murder, but only when the State notifies the defendant in writing 30 days prior to trial of its intent to seek life without parole.

4. We note that this Court has, on more than one occasion, been faced with cases in which defendants convicted of conspiracy to commit murder were sentenced to life imprisonment. *See Henry v. State,* 324 Md. 204, 239–40, 596 A.2d 1024, 1042 (1991), *cert. denied,* 503 U.S. 972, 112 S.Ct. 1590, 118 L.Ed.2d 307 (1992); *Jordan v. State,* 323 Md. 151, 159–62, 591 A.2d 875, 879–80 (1991). By not taking action to correct these sentences, this Court tacitly approved of life sentences imposed for conspiracy to commit murder. *See Jordan,* 323 Md. at 161, 591 A.2d at 880 (noting that this Court can correct an illegal sentence at any time).

5. Conspiracy is a common law misdemeanor in Maryland. *Archer v. State,* 145 Md. 128, 136, 125 A. 744, 747 (1924). Hence, prior to the enactment of Chapter 651 of the Acts of 1927, conspiracy could be punished by imprisonment for any period that was not cruel and unusual. *Jones v. State,* 8 Md.App. 370, 375 n. 4, 259 A.2d 807, 811 n. 4 (1969).

Gary argues that the sole purpose of the 1961 amendment was to prevent defendants convicted of conspiracy from receiving sentences harsher than those they could receive if they had been convicted of the substantive crime that was the object of the conspiracy. As an example, Gary cites *Scarlett v. State*, 201 Md. 310, 93 A.2d 753, *cert. denied*, 345 U.S. 955, 73 S.Ct. 937, 97 L.Ed. 1377 (1953), in which this Court upheld a sentence of seven years for conspiracy to violate lottery laws even though the maximum penalty for the substantive crime was one year. 201 Md. at 320–21, 93 A.2d at 757–58. Gary contends that the only purpose of the 1961 amendment, which limits the penalty for conspiracy to the maximum penalty for the substantive crime, was to eliminate the inequities illustrated by *Scarlett*. The legislature did not intend, Gary asserts, to authorize sentences of greater than 10 years for conspiracy convictions.

We find no merit in this contention. Gary may be correct that the legislature's purpose in amending § 38 was to prevent harsher sentences for conspiracy than were authorized for the substantive crime. *See State v. Michael*, 2 Md.App. 750, 753, 237 A.2d 782, 784 (1968) (noting the purpose of 1961 amendment of § 38 apparently was to avoid harsher sentence for conspiracy than for the substantive crime). But even conceding that point, there is no basis from which to conclude, as Gary urges us to do, that this was the legislature's *only* purpose in amending the statute. It is just as logical to conclude that the legislature also intended to ensure that those who conspire to commit criminal acts be punished just as severely as those who commit them.

Gary places great emphasis on *Michael, supra,* in which the Court of Special Appeals expressed doubt that the legislature intended Art. 27, § 38 to authorize the death penalty for conspiracy to commit capital crimes. The court noted that "[w]ithout a more definite expression" of the legislature's intent, it did not believe the death penalty could be imposed for conspiracy, even though the death penalty was available for first degree murder. *Michael,* 2 Md.App. at 753, 237 A.2d

at 783. Gary argues that this same reasoning should be applied to a sentence of life imprisonment.

 Gary is correct that the death penalty generally is an unavailable penalty for conspiracy to commit murder. As we noted in *Johnson v. State*, 303 Md. 487, 510, 495 A.2d 1, 12 (1985), *cert. denied*, 474 U.S. 1093, 106 S.Ct. 868, 88 L.Ed.2d 907 (1986), pursuant to the Maryland death penalty statute, only principals in the first degree to first degree murder are eligible for the death penalty in Maryland. *See* Art. 27, §§ 412(b), 413(a), and 413(e)(1). A principal in the first degree is " 'one who actually commits a crime, either by his own hand, or by inanimate agency, or by an innocent human agent.' " *Johnson*, 303 Md. at 510, 495 A.2d at 12 (citation omitted). In addition, under the statute, one who *employs* another person to kill is also considered a principal in the first degree for purposes of the death penalty. *See* Art. 27, §§ 413(e)(1) and 413(d)(7). Since a conviction for conspiracy to murder does not by itself establish that the defendant committed the crime by his own hand, by inanimate agency, by an innocent agent, or employed another person to kill, the death penalty is generally unavailable for conspiracy to commit first degree murder.

It does not follow, however, that because the legislature did not authorize the death penalty for conspiracy, that the legislature also did not intend to authorize life imprisonment. The death penalty " 'differs from all other forms of criminal punishment, not in degree but in kind.' " *Woods v. State*, 315 Md. 591, 605, 556 A.2d 236, 243 (1989) (quoting *Furman v. Georgia*, 408 U.S. 238, 306, 92 S.Ct. 2726, 2760, 33 L.Ed.2d 346, 388 (1972) (Stewart, J., concurring)). Given the unique nature of the death penalty, it is perfectly reasonable to conclude that, although the legislature did not authorize the death penalty for conspiracy, it did intend to authorize life imprisonment.

 The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature. *Oaks v. Connors*, 339 Md. 24, 35, 660 A.2d 423, 429 (1995). The first step in determining the legislature's intent is to look at the

language of the statute itself. *Id.* If the language is clear and unambiguous, there is usually no need to look further. *Harris v. State,* 331 Md. 137, 145–46, 626 A.2d 946, 950 (1993). Here, we find the language "[t]he punishment of every person convicted of the crime of conspiracy shall not exceed the maximum punishment provided for the offense he or she conspired to commit" to be clear and unambiguous. Hence, we hold that Art. 27, § 38 authorizes a sentence of life imprisonment for the crime of conspiracy to commit first degree murder. We find nothing illegal in Gary's sentence.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY PETITIONER.*