766 A.2d 93

**Rondell Erodrick JOHNSON,**

v.

**STATE of Maryland.**

**No. 109, Sept. Term, 1999.**

Court of Appeals of Maryland.

Feb. 2, 2001.

Martha Weisheit, Asst. Public Defender (Stephen E. Harris, Public Defender, on brief), Baltimore, for petitioner.

Mary Ann Ince, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, for respondent.

Argued before BELL, C.J., and ELDRIDGE,* RODOWSKY, RAKER, WILNER, CATHELL, and HARRELL, JJ.

ELDRIDGE, Judge.

The single issue presented by the certiorari petition in this case is whether Maryland law authorizes the imposition of a sentence of life imprisonment without the possibility of parole for a conviction of conspiracy to commit first degree murder.

---

* Rodowsky, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

A jury in the Circuit Court for Prince George's County found the petitioner, Rondell Erodrick Johnson, guilty of first degree premeditated murder, robbery with a deadly weapon, first degree burglary, use of a handgun in the commission of a felony or crime of violence, conspiracy to commit murder, and conspiracy to commit robbery. His convictions arose from a series of events that took place on November 10, 1997, which left a disabled woman, Judy Forrester, in her home, bound with duct tape and fatally shot. After the jury's verdicts, the court imposed a sentence of life imprisonment without the possibility of parole for the first degree premeditated murder conviction and a consecutive sentence of life imprisonment without the possibility of parole for conspiracy to commit murder.[1]

Johnson appealed to the Court of Special Appeals, arguing, *inter alia*, that a sentence of life imprisonment without the possibility of parole for the crime of conspiracy to commit murder is an illegal sentence. The Court of Special Appeals, in an unreported opinion, held that "the trial court properly sentenced appellant to life without parole for his conviction of conspiracy to commit murder." [2] Johnson filed in this Court a petition for a writ of certiorari, presenting one question: "Is a sentence of life without parole for the crime of conspiracy to commit murder an illegal sentence?" We granted the petition,

---

**1.** Johnson was also sentenced to a ten-year concurrent sentence for robbery with a deadly weapon, a two-year concurrent sentence for first degree burglary, a ten-year concurrent sentence for use of a handgun in the commission of a felony or crime of violence, and a four-year concurrent sentence for conspiracy to commit robbery.

**2.** The Court of Special Appeals did hold, however, that Johnson "was improperly sentenced for two conspiracies" and that "[h]is four-year concurrent sentence for conspiracy to commit robbery ... is illegal." The intermediate appellate court's opinion concluded by " 'remand[ing] the case in accordance with this opinion,' presumably for the trial court to vacate the sentence for conspiracy to commit robbery." No issue has been raised in this Court with regard to this holding by the Court of Special Appeals. In this connection, *see, e.g., Jordan v. State,* 323 Md. 151, 159–162, 591 A.2d 875, 879–880 (1991); *Tracy v. State,* 319 Md. 452, 459–460, 573 A.2d 38, 41–42 (1990); *Mason v. State,* 302 Md. 434, 445, 488 A.2d 955, 960 (1985).

*Johnson v. State,* 356 Md. 634, 741 A.2d 1095 (1999), and we shall answer the question in the affirmative.

In Maryland, "[c]onspiracy is a common law offense and is a misdemeanor." *Archer v. State,* 145 Md. 128, 136, 125 A. 744, 747 (1924). There is a general limitation upon the punishment for the offense of conspiracy, however, which is prescribed by statute. Maryland Code (1957, 1996 Repl.Vol.), Art. 27, § 38, states:

"**§ 38. Punishment for conspiracy.**

"The punishment of every person convicted of the crime of conspiracy shall not exceed the maximum punishment provided for the offense he or she conspired to commit."

Consequently, under § 38, the punishment for a person convicted of conspiracy to murder cannot exceed the maximum punishment which is provided for first degree murder.[3]

The punishment for first degree murder is set forth in Art. 27, § 412(b), as follows:

"(b) *Penalty for first degree murder.*—Except as provided under subsection (g) of this section, a person found guilty of murder in the first degree shall be sentenced to death, imprisonment for life, or imprisonment for life without the possibility of parole. The sentence shall be imprisonment for life unless: (1)(i) the State notified the person in writing at least 30 days prior to trial that it intended to seek a sentence of death, and advised the person of each aggravating circumstance upon which it intended to rely, and (ii) a sentence of death is imposed in accordance with § 413; or (2) the State notified the person in writing at least 30 days prior to trial that it intended to seek a sentence of imprison-

---

**3.** Although Art. 27, § 38, generally limits the maximum punishment for conspiracies, there are other statutes which more particularly prescribe punishments for some specific types of conspiracies. *See, e.g.,* Code (1957, 1996 Repl.Vol., 2000 Supp.), Art. 27, § 286(c), (d), and (e). There is, however, no such particularized statutory provision for conspiracy to murder; accordingly, the limitation upon the allowable sentence prescribed by Art. 27, § 38, is controlling.

ment for life without the possibility of parole under § 412 or § 413 of this article."

The State argues that, because imprisonment for life without the possibility of parole is an authorized sentence for first degree murder, Art. 27, § 38, makes it an authorized sentence for conspiracy to commit first degree murder. The defendant, on the other hand, argues that prior Maryland cases, as well as the legislative history of Art. 27, §§ 38 and 412(b), support his position that life imprisonment is the maximum permissible sentence for conspiracy to commit first degree murder, and that, therefore, a life sentence without the possibility of parole is not authorized by § 38.

As shown by the language of Art. 27, § 412(b), the basic sentence for first degree murder "shall be imprisonment for life. . . ." The greater sentences of death or imprisonment for life without the possibility of parole cannot be imposed unless certain special conditions are met. In addition to the notice requirements set forth in § 412(b), there are special conditions for the imposition of death or life without the possibility of parole contained in other statutory provisions. *See* Art. 27, §§ 412(c), 412(g), 413, and Code (1999), § 6–112(c) of the Correctional Services Article; *Sucik v. State*, 344 Md. 611, 616–617, 689 A.2d 78, 80 (1997).

Consequently, death or life imprisonment without the possibility of parole are "enhanced" sentences for first degree murder, and are dependent upon special circumstances. As former Chief Judge Robert Murphy stated for the Court in *Sucik v. State, supra,* 344 Md. at 615, 689 A.2d at 80, "[i]t was for special cases—and special defendants—that the legislature created this enhanced penalty [of life imprisonment without the possibility of parole]." Moreover, " '[b]ecause an enhanced punishment statute is "highly penal, [it] must be strictly construed." ' " *Sucik v. State, supra,* 344 Md. at 616–617, 689 A.2d at 80, quoting *Taylor v. State,* 333 Md. 229, 237, 634 A.2d 1322 (1993), quoting *Jones v. State,* 324 Md. 32, 38, 595 A.2d 463 (1991). *See also Lewis v. State,* 348 Md. 648, 656, 705 A.2d 1128, 1132 (1998) (where "the provision enhancing the sentence was ambiguous, . . . the ambiguity

must be resolved in favor of the defendant"); *Malcolm v.. State*, 314 Md. 221, 234–235, 550 A.2d 670, 676 (1988), and cases there cited.

■ "Conspiracy" and "attempt" are the two general common law "inchoate offenses" for which the General Assembly has limited the punishment to the maximum punishment provided for the substantive or target offense.[4] *See* Art. 27, § 38 (conspiracy) and § 644A (attempt).[5] *See also* Art. 27, § 290 (conspiracies and attempts to violate the controlled dangerous substance laws).[6] Maryland cases have consistently taken the position that, for purposes of this limitation on the sentences for conspiracy and attempt, the reference to the maximum sentence for the substantive or target offense means the basic maximum sentence and does not include any enhanced penalty provisions. *See Gary v. State*, 341 Md. 513, 520, 671 A.2d 495, 498 (1996) (basic life imprisonment is an authorized sentence for conspiracy to commit murder, but the death penalty is not an authorized sentence);[7] *Hardy v. State*, 301 Md. 124, 140,

**4.** *Black's Law Dictionary*, at 1108 (7th ed., 1999), defines an "inchoate offense" as "[a] step toward the commission of another crime, the step in itself being serious enough to merit punishment. In criminal law, the three inchoate offenses are attempt, conspiracy, and solicitation." With respect to a common law offense of solicitation, compare *Gardner v. State*, 286 Md. 520, 529, 408 A.2d 1317, 1322 (1979), and *Lewis v. State*, 285 Md. 705, 722–723, 404 A.2d 1073, 1082–1083 (1979), with *Lamb v. State*, 67 Md. 524, 533–535, 10 A. 208, 209 (1887).

**5.** Art. 27, § 644A, states as follows:

"The sentence of a person who is convicted of an attempt to commit a crime may not exceed the maximum sentence for the crime attempted."

**6.** Art. 27, § 290, provides as follows:

"Except as provided otherwise under this subheading, any person who attempts, endeavors or conspires to commit any offense defined in this subheading is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt, endeavor or conspiracy."

**7.** The *Gary* opinion expressed no view with regard to life imprisonment without the possibility of parole. *See* 341 Md. at 518 n. 3, 671 A.2d at 497 n. 3.

482 A.2d 474, 483 (1984) (basic life imprisonment is the maximum penalty for attempted first degree murder);[8] *De-Leon v. State,* 102 Md.App. 58, 70–86, 648 A.2d 1053, 1058–1067 (1994); *State v. Michael,* 2 Md.App. 750, 752–753, 237 A.2d 782, 783 (1968). The same position was taken by the Supreme Court of the United States in construing a federal statute providing that the sentence for attempt or conspiracy " 'may not exceed the punishment prescribed for the offense which was the object of the attempt or the conspiracy,' " *Bifulco v. United States,* 447 U.S. 381, 396, 100 S.Ct. 2247, 2257, 65 L.Ed.2d 205, 217 (1980) (enhanced penalty for the target offense, which places a special limitation upon parole, is not applicable to conspiracy to commit the target offense).

The Maryland opinion containing the most extensive discussion of this issue is Judge Moylan's opinion for the Court of Special Appeals in *DeLeon v. State, supra,* 102 Md.App. at 70–86, 648 A.2d at 1058–1067. *DeLeon* involved a conviction of conspiracy to violate the controlled dangerous substances laws. As previously mentioned, Art. 27, § 290, provides, *inter alia,* that the sentence for such conspiracy "may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the ... conspiracy." The issue in *DeLeon* was whether the reference in § 290 to the maximum sentence for the target offense included an enhanced penalty for the target offense which limited parole under certain circumstances. The *DeLeon* court held (102 Md.App. at 72, 648 A.2d at 1059)

> "that when a sentencing provision such as § 290 states that the punishment for an inchoate crime shall not exceed the maximum punishment provided for the target crime, such a

---

**8.** At the time *Hardy* was decided, the sentence of life imprisonment without the possibility of parole did not exist. Nevertheless, the death sentence as an enhanced penalty for first degree murder did exist at that time. Moreover, the position taken in *Hardy,* that basic life imprisonment is the maximum sentence for attempted first degree murder, was expressly adopted by the General Assembly several years after it enacted the penalty of life imprisonment without the possibility of parole. *See* Ch. 632 of the Acts of 1996; Art. 27, § 411A(b).

provision contemplates the ordinary maximum available for all who perpetrate the target crime and does not incorporate the enhanced penalty provisions available only for certain of those perpetrators."

In support of this holding, the court in *DeLeon*, 102 Md. App. at 73, 648 A.2d at 1060, pointed out that parole was not "an inherent part of the judicial sentencing function" and that, "[e]xcept in those limited circumstances when the Legislature has expressly empowered the courts to impose no-parole provisions under certain very specifically designated circumstances, the parole function is exclusively within the control of the executive branch of government." The Court of Special Appeals indicated that, for the judiciary to "impose conditions on parole eligibility," there must be an "express grant of authority by the Legislature," and a "specific legislative grant of authority," 102 Md.App. at 74, 76, 648 A.2d at 1061–1062. Neither § 38 nor § 290 nor § 412(b) of Art. 27 contains an express or specific grant of authority. The *DeLeon* opinion, 102 Md.App. at 77, 648 A.2d at 1062, also relied on the Supreme Court's opinion in *Bifulco v. United States, supra,* pointing out that *"Bifulco* is the mirror image of the case now before us."

Finally, Judge Moylan for the court in *DeLeon* pointed to various specific provisions in Art. 27 where the General Assembly expressly authorized enhanced penalties for particular types of conspiracies. The court then stated (102 Md.App. at 85, 648 A.2d at 1065):

"[W]hen the Legislature wants specifically to provide enhanced penalties for ... conspirators, it knows how to do so expressly and does not rely on implication."

*See also Lewis v. State, supra,* 348 Md. at 659, 705 A.2d at 1133–1134, where Judge Raker for this Court quoted with approval the above passage from *DeLeon.* The *DeLeon* opinion concluded (102 Md.App. at 86, 648 A.2d at 1066–1067):

"We hold that § 290 does not incorporate into the sentencing available for conspirators enhanced penalty provisions for violations of substantive target crimes. Enhanced pen-

alties are available for otherwise qualifying conspirators only if the law has 'otherwise provided' enhanced penalties for such conspirators."

Furthermore, nothing in the legislative history of Art. 27, § 38, or Art. 27, § 412(b), supports the argument that § 38 was intended to incorporate an enhanced maximum sentence associated with the substantive offense or that § 412(b) contemplated a sentence of life imprisonment without the possibility of parole for conspiracy to commit murder.

Prior to 1961, Art. 27, § 38, provided that the punishment for conspiracy was not more than ten years imprisonment. In *Scarlett v. State*, 201 Md. 310, 320, 93 A.2d 753, 757–758, *cert. denied*, 345 U.S. 955, 73 S.Ct. 937, 97 L.Ed. 1377 (1953), this Court held that one convicted of conspiracy could be sentenced to a longer term of imprisonment than the maximum term provided for the substantive offense as long as the term of imprisonment for the conspiracy did not exceed ten years. By Ch. 691 of the Acts of 1961, the General Assembly repealed former § 38 and enacted an entirely new § 38 in its present form. The title to Ch. 691 indicated that the only purpose of the enactment was to provide that the punishment for conspiracy "shall not exceed the maximum punishment provided for" the substantive offense. The Court of Special Appeals, just seven years after the enactment of Ch. 691, stated (*State v. Michael, supra*, 2 Md.App. at 753, 237 A.2d at 784):

"It seems obvious to us the intention of the legislature was simply to avoid the effects of *Scarlett v. State*, 201 Md. 310, 93 A.2d 753 (1953) which held that an accused could, in some cases, receive a much longer term for a conspiracy than for the completed crime which was the object of the conspiracy."

*See also Gary v. State, supra*, 341 Md. at 519, 671 A.2d at 498 (while the legislature's purpose in 1961 may have been "to prevent harsher sentences for conspiracy than were authorized for the substantive crime," it is "logical to conclude that the legislature also intended to ensure" that conspirators be

punished as severely as those committing the substantive crimes).

Obviously the General Assembly, when it enacted Ch. 691 of the Acts of 1961, did not contemplate that conspiracy to commit murder could be punished by the enhanced sentence of life imprisonment without the possibility of parole, as no such sentence existed in Maryland at that time. Nonetheless, as previously mentioned, not too long after Ch. 691 was enacted, the statute was construed as not authorizing the enhanced punishment of death for "a conspiracy to commit a capital offense." *State v. Michael, supra,* 2 Md.App. at 753, 237 A.2d at 783. This construction of Ch. 691 has never been changed by the General Assembly, and was reaffirmed by this Court in *Gary v. State, supra.*

The enhanced penalty of life imprisonment without the possibility of parole for first degree murder was first enacted by Ch. 237 of the Acts of 1987. The title of Ch. 237, as well as its legislative history, indicates that this enhanced penalty was enacted only "as a penalty for first degree murder." *See Laws of Maryland 1987,* Ch. 237, at 1048. The Report of Senate Judicial Proceedings Committee on the bill which became Ch. 237, signed by the Committee's Chairman, stated (emphasis added):

"*Life imprisonment without the possibility of parole is needed as a sentencing option in first degree murder cases* because there are people committing heinous crimes; for example, serial killers, who are not eligible for the death penalty. In addition, a death penalty proceeding is a long, expensive process and a tremendous drain on resources. Life without parole would be less costly and would have the effect of preventing the defendant from killing again. *The intent of this bill is to add imprisonment for life without the possibility of parole to the sentencing options available upon a finding of guilty of murder in the first degree....* "

For discussions of the legislative history of Ch. 237, *see Sucik v. State,* 344 Md. at 615, 689 A.2d at 79–80; *Woods v. State,* 315 Md. 591, 601, 556 A.2d 236, 241 (1989). The legislative

history of Ch. 237 discloses that the only offense which was mentioned, in connection with life imprisonment without the possibility of parole, was first degree murder. The enhanced penalty was enacted for "killers, who are not eligible for the death penalty" and as an alternative to the death penalty.

We hold, therefore, that life imprisonment without the possibility of parole is not a legal sentence for conspiracy to commit murder.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED IN PART. CASE REMANDED TO THAT COURT WITH DIRECTIONS TO STRIKE THE "WITHOUT THE POSSIBILITY OF PAROLE" FROM THE SENTENCE FOR CONSPIRACY TO COMMIT MURDER, TO VACATE THE SENTENCE FOR CONSPIRACY TO COMMIT ROBBERY, AND, AS SO MODIFIED, TO AFFIRM THE JUDGMENTS OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY. COSTS IN THIS COURT TO BE PAID BY PRINCE GEORGE'S COUNTY. COSTS IN THE COURT OF SPECIAL APPEALS TO BE EVENLY DIVIDED.*