*Eric Townes v. State of Maryland*, No. 1228, Sept. Term, 2023. Opinion filed on February 3, 2025, by Wells, C.J.

**CRIMINAL LAW – SENTENCING – IMPERMISSIBLE CONSIDERATION**

One ground for appellate review of criminal sentences is to determine whether the sentencing judge was motivated by ill-will, prejudice, or other impermissible considerations. An impermissible consideration is a criminal defendant's decision to plead not guilty and proceed to trial. A criminal defendant is entitled to resentencing if a reasonable person could infer the sentencing judge might have been motivated by the defendant's choice to plead not guilty and proceed to trial.

In this case, a reasonable person could not infer the sentencing judge might have been motivated by Townes' decision to plead not guilty and proceed to trial. Townes' counsel— not the sentencing judge—raised the issue of the State's recommended sentence punishing Townes for exercising his right to trial. In rendering Townes' sentence, the sentencing judge did not discuss Townes' rejecting the State's and court's pretrial plea offers. Rather, the sentencing judge articulated permissible reasons for its sentence: the nature of Townes' offense and his criminal record.

**CRIMINAL LAW – SENTENCING – COURT'S PLEA OFFERS**

In *Sharp v. State*, 446 Md. 669 (2016), the Supreme Court of Maryland (at the time called the Court of Appeals) told trial courts to refrain from directly making plea offers to criminal defendants. One reason for this advisement is to prevent allegations that, during sentencing, a trial court was motivated by the impermissible consideration of a defendant declining the trial court's plea offer and instead proceeding to trial.

Here, we reiterate the Supreme Court's advisement in *Sharp* and strongly recommend trial courts refrain from making plea offers to criminal defendants.

**CRIMINAL LAW – PRIOR INCONSISTENT STATEMENT HEARSAY EXCEPTION – FEIGNED LACK OF MEMORY**

Under Maryland Rule 5-802.1, a hearsay statement can be admitted into evidence if the statement constitutes a prior inconsistent statement. There are two categories of inconsistencies: positive contradictions and claimed lapses of memory. Inconsistency is implied when a witness's claim of lack of memory amounts to deliberate evasion. To admit a prior inconsistent statement on the grounds of feigned lack of memory, the trial court must make a preliminary finding that the witness's lack of memory was contrived, not actual. Such finding is a demeanor-based credibility finding within the sound discretion of the trial court to make.

In this case, the court fulfilled its requirement for finding State's witness Ivory Robinson was feigning lack of memory. Specifically, the court found her memory loss on the stand was contrived, not actual. While we do not dispute Townes' assertion that witnesses may have difficulty recalling details of a conversation with police about a stressful event, the trial judge was in the best position to determine if Robinson was lying about her ability to recall the events at issue or was merely saying she had a lack of memory. Absent more, we defer to the trial court's finding that Robinson's lack of memory was feigned.

Circuit Court for Baltimore City
Case No. 122230002

REPORTED

IN THE APPELLATE COURT

OF MARYLAND

No. 1228

September Term, 2023

_____

ERIC TOWNES

v.

STATE OF MARYLAND

_____

Wells, C.J.,
Reed,
Sharer, J. Frederick
  (Senior Judge, Specially Assigned),

JJ.

_____

Opinion by Wells, C.J.

_____

Filed: February 3, 2025

Pursuant to the Maryland Uniform Electronic Legal
Materials Act (§§ 10-1601 et seq. of the State
Government Article) this document is authentic.



Gregory Hilton, Clerk

Appellant Eric Townes was tried before a jury in the Circuit Court for Baltimore City for attempted murder in the first degree, attempted murder in the second degree, assault in the first degree, reckless endangerment, and carrying a dangerous weapon openly with intent to injure. The jury found Townes guilty of attempted murder in the second degree, reckless endangerment, and carrying a dangerous weapon openly with intent to injure. Afterwards, the court sentenced Townes to 30 years' imprisonment.

Townes filed this timely appeal. He submits two questions for our review, which we rephrase:[1]

1. Did the circuit court err in relying on an impermissible consideration when it sentenced Townes?

2. Did the circuit court err in admitting Ivory Robinson's statement to police as a prior inconsistent statement based upon the court's finding that she feigned her lack of memory while testifying?

For the following reasons, we answer both questions in the negative. Accordingly, we affirm the circuit court's judgments.

---

[1] Townes' verbatim questions are:

1. Did the trial court err in extending its own plea offer, or "court offer," to Mr. Townes, and then sentencing him more harshly, when the judge urged the prosecution to refashion its plea deal for administrative convenience, proposed an alternative plea deal, and then imposed a harsher sentence than the pretrial offer without regard for the sentencing guidelines?

2. Did the trial court err in admitting witness Ivory Robinson's out-of-court statements into evidence when Ms. Robinson maintained no memory of the incident or her subsequent recorded conversation with police, and the trial court made no detailed effort to assess the credibility of Ms. Robinson's memory loss?

**FACTUAL AND PROCEDURAL BACKGROUND**

On June 25, 2022, Townes and his then-girlfriend, Ivory Robinson, drove to Robinson's cousin's house. According to Robinson, as she entered her cousin's house a man on the street, Shawn Staples, started singing to her in a provocative way. Townes, who was still in the car, got out and exchanged words with Staples. Robinson attempted to deescalate the situation, but Staples and Townes began to fight. Townes allegedly stabbed Staples multiple times. After the fight, Townes and Robinson drove off.

After the altercation, Staples was transported via ambulance to the University of Maryland Shock Trauma Center. A medical examination revealed he had been stabbed in the left shoulder, the back, and right below the heart. Staples was in a coma for 31 days because of his injuries. In total, he spent 91 days in Shock Trauma and 30 days in a rehabilitation center. He was not able to identify who attacked him, but police interviewed Robinson the same evening of the attack. That interview was captured by a police body-worn camera. During the interview, she recounted the facts outlined above.

About one month after the attack, the police arrested Townes. The State charged Townes with attempted murder in the first degree, attempted murder in the second degree, assault in the first degree, reckless endangerment, and carrying a dangerous weapon openly with intent to injure.

After prompting from the judge presiding over the trial, the State offered Townes a plea of 35 years all but 20 suspended and five years' probation for attempted murder in the first degree, and three consecutive years, all suspended, for carrying a dangerous weapon openly with intent to injure. The court rejected that plea offer and made its own offer: If

Townes pled guilty to attempted murder in the first degree and carrying a dangerous weapon openly with intent to injure, the court would sentence Townes to "no probation, no parole, 25 straight [years]." The court later said it "might be persuaded to give [Townes] 20 [years] rather than 25." Townes, however, rejected that offer and proceeded to trial.

At trial, the State called Robinson as a witness. She testified she did not recall the events of the day of the fight. To refresh her recollection, the State showed Robinson a transcript of her statement to police. Robinson then testified she did not remember her conversation with police. After additional testimony in which Robinson continued to state she did not remember the events surrounding the attack, the State moved to declare Robinson a hostile witness. Upon overruling Townes' counsel's objection, the court declared Robinson a hostile witness.

Robinson, however, continued to testify she did not remember what happened. The State moved to introduce the video of her statement to police as substantive evidence. The court asked if the State made such motion pursuant to "*Nance/Hardy*," which the State responded, "Under *Nance/Hardy*, that's correct."[2] Townes' counsel then objected, arguing some parts of the video were inadmissible. The court then explained "according to *Nancy/Hardy*, the entire statement comes in as substantive impeachment if [Robinson's] feigning inability to remember the details. So, I believe that she is feigning." Townes' counsel responded, "That's not what we are talking about here." He then identified portions

---

[2] The court and State are referencing *Ronald Nance and Kevin Hardy v. State*, 331 Md. 549, 564 n.5 (1993) (stating that inconsistency is implied "[w]hen a witness's claim of lack of memory amounts to deliberate evasion").

of Robinson's statement to police he argued were inadmissible because they were hearsay, not relevant, and/or prejudicial. The court overruled those objections and admitted into evidence Robinson's statements to police.

The jury found Townes guilty of attempted murder in the second degree, reckless endangerment, and carrying a dangerous weapon openly with intent to injure. The Sentencing Guidelines called for 10 to 18 years for these offenses.

At sentencing, the State recommended the court depart upwards from the Guidelines due to the nature of the crime and Townes' prior record. Specifically, the State requested the court impose the maximum sentence of 30 years for attempted murder in the second degree, a consecutive five-year term for reckless endangerment, and a consecutive three-year term for carrying a dangerous weapon openly with intent to injure.

Townes' counsel responded:

> [T]he State's request is tantamount to asking the court to punish my client for exercising his right to trial. The State made an offer before this case went to trial. The facts were there, the fact that they just read to the court about what happened, they knew all this and they made an offer. The offer they made was for attempted first degree murder and that offer was less than what they're asking the court to do. So, in essence, the State is asking the court to punish my client for going to trial and I know this court will not do that.

Townes' counsel then presented arguments for leniency from the court and requested a sentence of 18 years with five years' probation.

The court sentenced Townes as follows:

> The thing I find most troubling about this case, and there's no question that, it's no surprise that the Defendant is here in court because he's been exposed to lead, he had very little parental support. As [Townes' counsel] indicates, the juvenile court system failed the Defendant by not ascertaining that the anger that he had was causing serious problems. But here, in adult court, what

4

I have before me, is a man with incredible anger, all for maybe legitimate reasons. But he's so angry that he would be willing to stab a person to death almost five times. A person he didn't even know.

There's no question the jury's found that he was not premeditated. I have no problem with the not being premeditated. I think, though, that he cannot control his temper. He's been incarcerated for assault before. He's been in trouble in 2017 for a handgun. And while guns are very serious, knives require you to be right next to a person when you're killing them, when you're stabbing them, when you're hurting them. So, I see no reason why this sentence should not be for attempted murder in the second degree.

The sentence will be 30 years to the division of correction. I'll run that sentence from the day he was arrested, which was July 27th, 2022.

As to reckless endangerment, the sentence will be three years to the division of correction. That sentence will run concurrently to the sentence in the attempted second degree murder. And the sentence as to carrying a dangerous weapon with the intent to injure will be three years. That will also run concurrently.

Townes' timely appeal followed. We will add additional facts if warranted.

## DISCUSSION

### I. The Circuit Court Did Not Rely on an Impermissible Consideration When It Sentenced Townes.

#### A. Parties' Contentions

Townes contends the circuit court relied on an impermissible consideration when it sentenced him: his decision to plead not guilty and go to trial. Townes claims this is evident by the fact that the circuit court extended a "court's offer" of 25 years before trial, but then sentenced him to 30 years after trial even though no new facts came to light at trial or sentencing. He further argues the circuit court erred in making its "court's offer" because it is the State's role to make plea offers, not the court's.

5

Additionally, Townes maintains he preserved his claim for appeal pursuant to Maryland Rule 4-323(c) because even though his counsel did not say the word "objection," he objected to the imposition of a sentence that exceeded the pretrial offer. In making his preservation argument, Townes analogizes the facts of this case to those in *Sharp v. State*, 446 Md. 669 (2016). Regardless of whether he preserved his claim for appeal, Townes contends we should exercise our discretion and find plain error.

In response, the State contends, *first*, Townes did not preserve his claim. The State argues Townes specifically disavowed any belief the circuit court would impose a sentence punishing Townes for rejecting the State's plea offer. Further, the State notes that when the circuit court actually imposed its sentence, Townes did not object to the sentence being motivated by any impermissible consideration. If we conclude Townes did not preserve his claim, the State argues we should not exercise plain error review because there was no error, thus there cannot be plain error.

In arguing the circuit court did not err in sentencing, the State contends, *second*, the court's remarks do not give rise to an inference that its sentence was motivated by Townes' decision to plead not guilty and go to trial. The State points to case law for the propositions that criminal "defendant[s] who proceed[] to trial [are] not entitled to the same lenient sentence that was part of a plea offer[,]" and Maryland Rule 4-243 "does not expressly prohibit judicial participation in plea bargaining[.]" *Sharp*, 446 Md. at 691; *Barnes v. State*, 70 Md. App. 694, 702 (1987). The State then cites the circuit court's verbatim language from the sentencing proceeding, in which the court did not reference Townes rejecting the plea offer and proceeding to trial to support its sentence.

6

## B. Standard of Review

A criminal defendant is entitled to resentencing if we conclude "a reasonable person [could] infer that [the trial court] might have been motivated by ill-will or prejudice" or other impermissible consideration in rendering its sentence. *Jackson v. State*, 364 Md. 192, 207 (2001). In determining whether the sentencing judge was motivated by any impermissible consideration, we examine "the entirety of the judge's comments at sentencing and consider the challenged comments in that context." *Ellis v. State*, 185 Md. App. 522, 552 (2009).

## C. Analysis

### 1. Preservation

Before discussing the merits of Townes' claim, we must consider the threshold question of whether he preserved his claim for appellate review. "Ordinarily, the appellate court will not decide any [non-jurisdictional] issue unless it plainly appears by the record to have been raised in or decided by the trial court[.]" Md. Rule 8-131(a). "For purposes of review by the trial court or on appeal of any other ruling or order [other than the admission of evidence], it is sufficient that a party, at the time the ruling or order is made or sought, makes known to the court… the objection to the action of the court." Md. Rule 4-323(c). "Under Maryland Rule 8-131(a), a defendant must object to preserve for appellate review an issue as to a trial court's impermissible considerations during a sentencing proceeding." *Sharp*, 446 Md. at 683; *see also Abdul-Maleek v. State*, 426 Md. 59, 69 (2012).

Townes' claim mirrors the situation in *Sharp*, in which our Supreme Court concluded the defendant preserved his claim that at sentencing, the circuit court

impermissibly considered his decision to plead not guilty and proceed to trial. 446 Md. at 683-84. In that case, the court's sentence exceeded the State's and court's pretrial plea offers. The Court held Sharp successfully preserved his impermissible sentencing consideration claim when his counsel, in asking the court to not exceed the Sentencing Guidelines as the State requested but, instead, mirror the court's pretrial plea offer, stated "nothing is anything different because we went to trial" and "I don't believe in punishing someone for wanting to go to trial." *Id.* at 683. Specifically, the Supreme Court concluded the defendant preserved his claim pursuant to Rule 4-323(c) because his counsel's "statement made known his objection to the circuit court's allegedly penalizing Sharp by impermissibly considering during sentencing that Sharp declined the State's and the circuit court's plea offers." *Id.* at 684. While defense counsel did say he "would agree" in response to the circuit court's statement that "the whole idea of an offer of a plea is to give something in exchange for sparing the State and the witnesses and the victims the trauma, the risk of a trial[,]" the Court ruled such statement did not forfeit the defendant's appellate review because it "did not retreat from the position… that the circuit court should not penalize Sharp for having elected to go to trial." *Id.*

As in *Sharp*, the circuit court's sentence of 30 years in this case exceeded the State's pretrial plea offer of 20 years and the court's offer of 25 (and later, 20) years. Also, like the attorney in *Sharp*, Townes' counsel asked the court to not exceed the guidelines as the State requested. Townes' counsel additionally noted no new facts came to light at trial or sentencing and that the State's request was "tantamount to asking the court to punish my client for exercising his right to trial." Although Townes' counsel expressed his belief that

8

the court would not impermissibly consider Townes' exercising his right to trial in rendering its sentence, like defense counsel's statement agreeing with the court in *Sharp*, Townes' counsel's expressed belief did not "retreat from the position… that the circuit court should not penalize [a defendant] for having elected to go to trial." 446 Md. at 684. Overall, based on the similarities between *Sharp* and this case, we conclude Townes preserved his claim under Rule 4-323(c). Accordingly, we need not address plain error review and proceed to the merits.

### 2. Merits

"A judge is vested with very broad discretion in sentencing criminal defendants[.]" *Poe v. State*, 341 Md. 523, 531 (1996). "A judge should fashion a sentence based upon the facts and circumstances of the crime committed and the background of the defendant[.]" *Id.* at 532.

> Only three grounds for appellate review of sentences are recognized in this state: (1) whether the sentence constitutes cruel and unusual punishment or violates other constitutional requirements; (2) whether the sentencing judge was motivated by ill-will, prejudice[,] or other impermissible considerations; and (3) whether the sentence is within statutory limits.

*Gary v. State*, 341 Md. 513, 516 (1996). This case involves the second ground for appellate review of a sentence: whether the sentencing judge was motivated by the impermissible consideration of Townes' decision to plead not guilty and proceed to trial. *Sharp*, 446 Md. at 686.

Again, the facts of this case mirror those in *Sharp*. There, during sentencing, defense counsel commented to the judge that nothing changed because the defendant chose to go

9

to trial. This prompted a spirited back-and-forth between defense counsel and the sentencing court about the defendant's choice to proceed to trial and how sentencing after trial differs from sentencing after a guilty plea. *Id.* at 691. In this exchange, defense counsel remarked he did not "believe in punishing someone for wanting to go to trial." *Id.* The Court concluded this discussion would not result in a reasonable person inferring the sentencing court might have been motivated by the defendant's decision to plead not guilty. This is because the sentencing court simply "observed that a defendant who proceeds to trial is not entitled to the same lenient sentence that was part of a plea offer[.]" *Id.* Additionally, the statements were not made while the sentencing court announced its sentence, as occurred in *Johnson v. State*, 274 Md. 536, 539-40 (1975), and *Abdul-Maleek v. State*, 426 Md. at 66-67. *Id.* at 693.

Here, as in *Sharp*, the circuit court did not discuss Townes' denial of the State's and court's pretrial plea offers as the court rendered its sentence. Rather, the court articulated "entirely permissible reasons for its sentence," namely the nature of Townes' offense and his criminal record. *Sharp*, 446 Md. at 692. Also, like Sharp's counsel, Townes' counsel—not the circuit court—raised the issue of the State's recommended sentence punishing Townes for exercising his right to trial. The circuit court in this case, however, did not engage in spirited discussion with Townes' counsel about Townes proceeding to trial. If a reasonable person could not infer the sentencing court in *Sharp* might have been motivated by the defendant's decision to plead not guilty, a reasonable person definitely cannot make such inference in this case, in which the circuit court made no comment in the entire sentencing proceeding about Townes rejecting the State's and court's plea offers. Upon

10

our review of the circuit court's statements at sentencing "in the context of the entire sentencing proceeding[,]" we conclude a reasonable person could not infer the circuit court might have been motivated by the impermissible consideration of Townes' decision to plead not guilty. *Abdul-Maleek*, 426 Md. at 73.

While we affirm the circuit court on the issue of improper considerations in sentencing, we take this opportunity to stress in the strongest terms that it is inadvisable for members of the bench to make plea offers to criminal defendants. We have to look no further than *Sharp* for support. There, our Supreme Court "advise[d] trial courts to … refrain from directly making plea offers to defendants in criminal cases" *for the very reason that arose in this case*. 446 Md. at 700. If the court, after fully hearing the evidence, concludes the defendant deserves a sentence in excess of what the court offered pre-trial, it raises the specter that the court might be punishing the defendant for rejecting the court's offer. We understand many jurisdictions face large criminal dockets, and we also understand the need to move cases through the justice system. At the same time, judges should avoid any appearance of impropriety in offering, or attempting to offer, their own plea agreements to criminal defendants. Md. Rule, Judges & Judicial Appointees § 18-101.2 ("A judge shall act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary" and "shall avoid conduct that

would create in reasonable minds a perception of impropriety."). Consequently, we urge trial court judges to refrain from offering plea agreements to criminal defendants.[3]

## II. The Circuit Court Did Not Err in Admitting Ivory Robinson's Statement to Police as a Prior Inconsistent Statement.

### A. Parties' Contentions

Townes contends the circuit court erred in admitting as substantive evidence police body-worn camera footage of Robinson's statement because the statement was hearsay. Specifically, Townes argues the court clearly erred in finding Robinson feigned her lack of memory while testifying at Townes' trial because "[t]estifying more than a year later, it can hardly be uncommon for a person to have difficulty remembering the details surrounding a stressful event or subsequent conversation with the police about that event." Because of this clear error, Townes purports Robinson's statement did not constitute a prior inconsistent statement pursuant to Maryland Rule 5-802.1(a)(3). Therefore, the court erred in admitting her statement because it was excluded by the hearsay rule.

The State first contends Townes did not preserve his claim about introducing Robinson's statement because his specified grounds for objection did not include the circuit court's finding that Robinson feigned her lack of memory while testifying. The State then posits that preservation issues aside, Townes' claim is without merit because the circuit

---

[3] While we discourage trial judges from making their own plea offers in criminal cases, we realize that sometimes a court encourages the State and the defense (or the parties in a civil or family case) to reach a resolution. This is permissible within the bounds of the Judicial Canons of Ethics and the Maryland Rules. *See* Md. Rule 18-102.6 and Comments 3 and 4, particularly the latter comment. Encouraging the parties to reach a settlement, however, is markedly different from the court making its own plea offer in a criminal case.

12

court specifically found Robinson feigned her memory loss, which is all that case law requires. Further, the State contends we should not substitute our judgment for the circuit court's because the circuit court heard Robinson's testimony and thus could assess her demeanor and credibility.

### B.  Standard of Review

"We review rulings on the admissibility of evidence ordinarily on an abuse of discretion standard." *Bernadyn v. State*, 390 Md. 1, 7 (2005). However, "[r]eview of the admissibility of evidence which is hearsay is different." *Id.* at 7-8.

> [T]he trial court's ultimate determination of whether particular evidence is hearsay or whether it is admissible under a hearsay exception is owed no deference on appeal, but the factual findings underpinning this legal conclusion necessitate a more deferential standard of review. Accordingly, the trial court's legal conclusions are reviewed de novo, but the trial court's factual findings will not be disturbed absent clear error[.]

*Gordon v. State*, 431 Md. 527, 538 (2013) (citations omitted). "The clearly erroneous standard is a deferential one, giving great weight to the [trial court's] findings of fact." *Viamonte v. Viamonte*, 131 Md. App. 151, 157 (2000).

### C.  Analysis

#### 1.  Preservation

Under Maryland Rule 4-323(a), "[a]n objection to the admission of evidence shall be made at the time the evidence is offered or as soon thereafter as the grounds for objection become apparent. Otherwise, the objection is waived." "When a party specifies particular grounds for an objection, it is deemed to have waived all other grounds not mentioned."

*Pitt v. State*, 152 Md. App. 442, 463 (2003), *aff'd* 390 Md. 697 (2006); *see also Klauenberg v. State*, 355 Md. 528, 541 (1999).

Townes' counsel specifically objected to the introduction of the video capturing Robinson's statement to police under the hearsay rule, lack of relevance, and prejudice. Those grounds did not include the court's finding that Robinson was feigning her lack of memory. In fact, Townes' counsel made clear he was not objecting to the court's finding of feigned lack of memory.

> THE COURT: Well, according to *Nance/Hardy*, the entire statement comes in as substantive impeachment if she's feigning inability to remember the details. So, I believe that she is feigning.

> [TOWNES' COUNSEL]: That's not what we are talking about here[.]

Because the specified grounds for Townes' counsel's objection did not include the circuit court's finding that Robinson was feigning her lack of memory, we conclude Townes did not preserve the claim for appellate review.

### 2. *Merits*

Any preservation problem aside, Townes' argument that the circuit court erred in admitting Robinson's statement lacks merit.

Hearsay is a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Md. Rule 5-801(c). Hearsay "*must* be excluded as evidence at trial, unless it falls within an exception to the hearsay rule excluding such evidence or is 'permitted by applicable constitutional provisions or statutes.'" *Bernadyn*, 390 Md. at 8 (quoting Md. Rule 5-802). "Thus, a circuit

14

court has no discretion to admit hearsay in the absence of a provision providing for its admissibility." *Id.*

Maryland Rule 5-802.1 provides for the admissibility of hearsay in which "statements previously made by a witness who testifies at the trial or hearing and who is subject to cross-examination concerning the statement are not excluded by the hearsay rule." The rule further specifies it applies to a "statement that is inconsistent with the declarant's testimony, if the statement was recorded in substantially verbatim fashion by stenographic or electronic means contemporaneously with the making of the statement." Md. Rule 5-802.1(a)(3). This type of statement is known as a prior inconsistent statement.[4]

There are two categories of inconsistencies: positive contradictions and claimed lapses of memory. *Nance v. State*, 331 Md. 549, 564 n.5 (1993). In *Nance*, the Supreme Court of Maryland concluded that "[w]hen a witness's claim of lack of memory amounts to deliberate evasion, inconsistency is implied." *Id.*; *see also Wise v. State*, 471 Md. 431, 448 (2020) ("[F]eigned memory loss may produce an implied contradiction from what the witness does *not* say[.]"). This Court further elaborated in *Corbett v. State* that "when a witness truthfully testifies that he does not remember an event, that testimony is not 'inconsistent' with his prior written statement about the event, within the meaning of Rule 5-802.1(a)." 130 Md. App. 408, 425 (2000). "[T]he decision whether a witness's lack of memory is feigned or actual is a demeanor-based credibility finding that is within the sound

---

[4] There are two other types of prior inconsistent statements that are not relevant to this appeal. *See* Md. Rule 5-802.1(a)(1), (2).

discretion of the trial court to make." *Id.* at 426. To admit a prior inconsistent statement on the grounds of feigned lack of memory, the trial court must make a preliminary finding that the witness's "lack of memory of the events in question was not actual, but a contrivance." *Id.* This factual finding "will not be disturbed absent clear error[.]" *Gordon*, 431 Md. at 538.

In this case, the parties agree that Robinson's statement was hearsay under Rule 5-801(c) because it was not made while testifying and was admitted for its truth. They also agree that her statement was recorded in "substantially verbatim fashion" by "electronic means contemporaneously with the making of [her] statement" pursuant to Rule 5-802.1(a)(3). Townes correctly identifies the point of contention between him and the State: whether Robinson's statement is inconsistent with her trial testimony, which would be presumed if the circuit court found her to be feigning a lack of memory.

Before admitting Robinson's statement into evidence as a prior inconsistent statement, the circuit court fulfilled its requirement of finding that Robinson was feigning lack of memory: it specifically found her memory loss on the stand was contrived, not actual. As we concluded in *Corbett*, it was "within the sound discretion of the trial court to make" such finding. 130 Md. App. at 426.

While we do not dispute Townes' assertion that witnesses may have difficulty recalling details of a conversation with police about a stressful event, here, the trial judge was in the best position to determine if Robinson was lying about her ability to recall the events at issue or was merely saying she had a lack of memory. The trial judge heard Robinson's testimony and assessed her demeanor and credibility. Absent more, we defer

16

to the judge's assessment that Robinson's lack of memory was feigned. Therefore, we conclude the circuit court properly admitted Robinson's statement because it constituted a prior inconsistent statement not excluded by the hearsay rule.

> **THE JUDGMENTS OF THE CIRCUIT COURT FOR BALTIMORE CITY ARE AFFIRMED. APPELLANT TO PAY THE COSTS.**