Darryl Nichols v. State of Maryland, No. 8, September Term, 2018

**LAW OF THE CASE DOCTRINE – MARYLAND RULE 4-345(a) – MD. CODE ANN., CRIM. LAW (2002, 2012 REPL. VOL.) § 1-202 – MAXIMUM SENTENCE FOR CONSPIRACY – MD. CODE ANN., CTS. & JUD. PROC. (1974, 2013 REPL. VOL.) § 12-702(b) – AGGREGATE SENTENCE –** Court of Appeals held that law of case doctrine does not bar trial court from considering under Maryland Rule 4-345(a) issue as to sentence's legality that appellate court has not resolved.

Court of Appeals held that, under Md. Code Ann., Crim. Law (2002, 2012 Repl. Vol.) § 1-202—which provides that punishment of person who is convicted of conspiracy may not exceed maximum punishment for crime that person conspired to commit—where defendant is convicted of both crime and conspiracy to commit that crime, trial court cannot impose for conspiracy sentence that exceeds sentence that trial court imposed for crime that person conspired to commit.

Court of Appeals held that, for purposes of Md. Code Ann., Cts. & Jud. Proc. (1974, 2013 Repl. Vol.) § 12-702(b)—which states that, generally, on remand, trial court "may not impose [] sentence more severe than [] sentence previously imposed for [] offense"— aggregate sentence of certain number of years of imprisonment is more severe than sentence of life imprisonment, with all but lower number of years suspended.

Circuit Court for Baltimore City
Case Nos. 112333013, 112333014, 112333015

Argued: September 6, 2018

IN THE COURT OF APPEALS

OF MARYLAND

No. 8

September Term, 2018

_____

DARRYL NICHOLS

v.

STATE OF MARYLAND

_____

Barbera, C.J.
Greene
*Adkins
McDonald
Watts
Hotten
Getty,

JJ.

_____

Opinion by Watts, J.

_____

Filed: November 7, 2018

*Adkins, J., now retired, participated in the
hearing and conference of this case while an
active member of this Court; after being recalled
pursuant to the MD. Constitution, Article IV,
Section 3A, she also participated in the decision
and adoption of this opinion.

Pursuant to Maryland Uniform Electronic Legal
Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document * authentic.



Suzanne C. Johnson, Acting Clerk

Under the law of the case doctrine, "a decision [that is] rendered in a [prior] appeal

. . . is binding in a later appeal." *Law of the Case*, Black's Law Dictionary (10th ed. 2014).

In other words, once an appellate court

> has ruled upon a question [that is] properly presented [in] an appeal[—]or, if
> the ruling [is] contrary to a question that could have been raised and argued
> in that appeal on the then[-existing] state of the record[—]such a ruling
> becomes the law of the case[,] and is binding on the [parties, the appellate
> court,] and [lower] courts alike, unless changed . . . , and neither the questions
> [that were] decided[,] nor the ones that could have been raised and decided[,]
> are available to be raised in a subsequent appeal.

Dep't of Pub. Safety & Corr. Servs. v. Doe, 439 Md. 201, 216-17, 94 A.3d 791, 800 (2014)

(cleaned up). The law of the case doctrine's "purpose is to prevent piecemeal litigation[;]

without it[,] any party . . . could institute as many successive appeals as . . . his [or her]

imagination could produce new reasons to assign as to why his [or her] side . . . should

prevail, and the litigation would never terminate." Dabbs v. Anne Arundel Cty., 458 Md.

331, 345 n.15, 182 A.3d 798, 806 n.15 (2018) (cleaned up).

In this case, a defendant unsuccessfully challenged a sentence for conspiracy to

commit false imprisonment in an appeal, then challenged the sentence and sought

resentencing on the count on a different ground at a resentencing proceeding. We must

determine, among other issues, whether the law of the case doctrine barred the trial court

from considering the defendant's new challenge to the sentence for conspiracy to commit

false imprisonment.

In the Circuit Court for Baltimore City, the State, Respondent/Cross-Petitioner,

charged Darryl Nichols, Petitioner/Cross-Respondent, with multiple crimes. After Nichols

was convicted, the circuit court sentenced him to: life imprisonment, with all but fifty years

suspended, for first-degree felony murder; life imprisonment, with all but fifty concurrent years suspended, for false imprisonment; fifty concurrent years of imprisonment for conspiracy to commit false imprisonment; five concurrent years of imprisonment for extortion; five concurrent years of imprisonment for conspiracy to commit extortion; followed by five years of supervised probation. Thus, Nichols's original aggregate sentence was life imprisonment, with all but fifty years suspended, followed by five years of supervised probation.

Nichols appealed. The Court of Special Appeals vacated Nichols's life sentence, with all but fifty years suspended, for false imprisonment, holding that, under this case's circumstances, the maximum sentence for false imprisonment was thirty years of imprisonment. See Darryl Nichols v. State, No. 169, Sept. Term, 2014, 2016 WL 1622079, at *5 (Md. Ct. Spec. App. Feb. 4, 2016).[1] The Court of Special Appeals also vacated Nichols's convictions for first-degree felony murder and conspiracy to commit extortion,

---

[1]False imprisonment is a common law crime for which no statute prescribes a maximum sentence. See Cathcart v. State, 169 Md. App. 379, 386 n.5, 901 A.2d 262, 266 n.5 (2006), vacated on other grounds, 397 Md. 320, 916 A.2d 1008 (2007). Thus, generally, a trial court may impose for false imprisonment any sentence that is not cruel and unusual. See Alford v. State, 202 Md. App. 582, 596, 33 A.3d 1004, 1012 (2011). That said, false imprisonment is a lesser-included offense of kidnapping. See Cathcart, 169 Md. App. at 388, 901 A.2d at 268. Where a defendant is charged with a lesser-included offense and a greater offense based on the same conduct, and is convicted only of the lesser-included offense, the trial court cannot impose a sentence that exceeds the maximum sentence for the greater offense. See Dixon v. State, 364 Md. 209, 233-34, 772 A.2d 283, 297 (2001). Thus, where, as here, a defendant is charged with both kidnapping and false imprisonment based on the same conduct, and is convicted only of false imprisonment, a trial court cannot impose a sentence that exceeds the maximum sentence for kidnapping— which is thirty years of imprisonment. See Md. Code Ann., Crim. Law (2002, 2012 Repl. Vol.) § 3-502(b).

affirmed the rest of his convictions and sentences, and remanded for resentencing as to false imprisonment. See Nichols, 2016 WL 1622079, at *6. The Court of Special Appeals rejected Nichols's contention that his sentence for conspiracy to commit false imprisonment must be vacated because conspiracy to commit false imprisonment is a lesser-included offense of conspiracy to commit kidnapping. See id. at *5 n.5.

At a resentencing proceeding, Nichols's counsel challenged his sentence for conspiracy to commit false imprisonment on a different ground—namely, that his sentence for conspiracy to commit false imprisonment violated Md. Code Ann., Crim. Law (2002, 2012 Repl. Vol.) ("CR") § 1-202, which states: "The punishment of a person who is convicted of conspiracy may not exceed the maximum punishment for the crime that the person conspired to commit." Nichols's counsel contended that, under CR § 1-202, given that Nichols's sentence for false imprisonment could not exceed thirty years, neither could his sentence for conspiracy to commit false imprisonment.

The circuit court reasoned, however, that it lacked the authority to resentence Nichols for conspiracy to commit false imprisonment, as the Court of Special Appeals had remanded for resentencing only as to false imprisonment. The circuit court resentenced Nichols to thirty years of imprisonment for false imprisonment, consecutive to the existing fifty-year sentence for conspiracy to commit false imprisonment. Nichols's new aggregate sentence was eighty years of imprisonment. Nichols's counsel argued that, by making Nichols's new sentence for false imprisonment consecutive to the existing sentence for conspiracy to commit false imprisonment, the circuit court had impermissibly increased his aggregate sentence above the original aggregate sentence of life imprisonment with all

but fifty years suspended.  The circuit court was unpersuaded.

For comparison of Nichols's original sentences to the status of his sentences after the resentencing proceeding, we set forth the following table:

| Crime: | Original Sentence: | Status After Resentencing Proceeding: |
|---|---|---|
| First-degree felony murder | Life imprisonment, with all but fifty years suspended | N/A (conviction vacated) |
| False imprisonment | Life imprisonment, with all but fifty concurrent years suspended | Thirty consecutive years of imprisonment |
| Conspiracy to commit false imprisonment | Fifty concurrent years of imprisonment | Fifty years of imprisonment |
| Extortion | Five concurrent years of imprisonment | Remained the same |
| Conspiracy to commit extortion | Five concurrent years of imprisonment | N/A (conviction vacated) |
| **Aggregate sentence:** | Life imprisonment, with all but fifty years suspended, followed by five years of supervised probation | Eighty years of imprisonment |

Nichols appealed again.  The Court of Special Appeals determined that the law of the case doctrine barred the circuit court from considering Nichols's second challenge to his sentence for conspiracy to commit false imprisonment.  See Darryl Nichols v. State, No. 1277, Sept. Term, 2016, 2017 WL 6492681, at *3 (Md. Ct. Spec. App. Dec. 19, 2017).  But, the Court of Special Appeals agreed with Nichols that, under Md. Code Ann., Cts. & Jud. Proc. (1974, 2013 Repl. Vol.) ("CJ") § 12-702(b)—which states that, generally, on remand, a trial court "may not impose a sentence more severe than the sentence previously imposed for the offense"—the circuit court had impermissibly increased his aggregate sentence by making his new sentence for false imprisonment consecutive to his existing sentence for conspiracy to commit false imprisonment for a total of eighty years of active

incarceration. See Nichols, 2017 WL 6492681, at *6. The Court of Special Appeals vacated Nichols's sentence for false imprisonment, affirmed in all other respects, and remanded with instructions to impose a new sentence for false imprisonment that would not result in a new aggregate sentence of more than fifty years of active incarceration. See id.

Before us, Nichols contends that the Court of Special Appeals erred in concluding that the law of the case doctrine barred the circuit court from considering at the resentencing proceeding his second challenge to his sentence for conspiracy to commit false imprisonment. Nichols argues that his fifty-year sentence for conspiracy to commit false imprisonment violates CR § 1-202 because it exceeds the thirty-year maximum sentence that he received for false imprisonment. The State disagrees with Nichols, and asserts that the Court of Special Appeals erred in determining that the circuit court had impermissibly increased Nichols's sentence by imposing a new aggregate sentence of eighty years of imprisonment where Nichols had been originally sentenced to life imprisonment with all but fifty years suspended.

Below, in Part I, consistent with existing case law, we hold that the law of the case doctrine does not bar a trial court from considering under Maryland Rule 4-345(a) an issue as to a sentence's legality that an appellate court has not resolved. Here, the Court of Special Appeals erred in concluding that the law of the case doctrine barred the circuit court from considering Nichols's second challenge to his sentence for conspiracy to commit false imprisonment, as the Court of Special Appeals did not resolve that challenge in the first appeal.

In Part II, addressing the merits of that challenge, we hold that, under CR § 1-202, where a defendant is convicted of both a crime and conspiracy to commit that crime, a trial court cannot impose for the conspiracy a sentence that exceeds the maximum sentence that the trial court imposed for the crime that the person conspired to commit. The plain language of CR § 1-202 requires this result. And, although there is no ambiguity as to CR § 1-202's language, its legislative history confirms the General Assembly's intent that a defendant's punishment for conspiracy to commit a crime not exceed the punishment that the defendant received for the crime that the defendant conspired to commit. Here, given that the circuit court sentenced Nichols to thirty years of imprisonment for false imprisonment, the circuit court could not impose a sentence of more than thirty years of imprisonment for conspiracy to commit false imprisonment.

In Part III, we hold that, under CJ § 12-702(b), an aggregate sentence of a certain number of years of imprisonment is more severe than a sentence of life imprisonment, with all but a lower number of years suspended. Here, given that Nichols's original aggregate sentence was life imprisonment with all but fifty years suspended, followed by five years of supervised probation, the circuit court impermissibly increased his aggregate sentence at the resentencing proceeding by imposing a thirty-year sentence for false imprisonment consecutive to the fifty-year sentence for conspiracy to commit false imprisonment, for a new aggregate sentence of eighty years of imprisonment.

In Part IV, we grant the State's request to vacate all of Nichols's sentences, and to remand for resentencing as to the remaining convictions.

# BACKGROUND

## Charges and Underlying Events

In the circuit court, the State charged Nichols with first-degree murder, kidnapping, false imprisonment, extortion, and conspiracy to commit each of these crimes. The indictments identified Nichols's co-conspirators as Donta Vaughn and Sherelle Ferguson, and identified the victim as Eric Pendergrass.

At trial, as a witness for the State, Wayne Price testified that, in late January 2009, he, Vaughn, Ferguson, and a friend whom he knew as "Ty," met and discussed ways to try to make $50,000. Subsequently, Price, Ty, Vaughn, Ferguson, and Nichols met. At that meeting, Vaughn proposed a plan "to grab" an acquaintance of his, obtain money from the acquaintance's "girl[,]" and then kill the acquaintance. Price said that he wanted no part of the plan and left.

As a witness for the State, Tiara Felder testified that Pendergrass had been her boyfriend and roommate. On February 1, 2009, between 12 a.m. and 1 a.m., Pendergrass telephoned Felder and told her to go to a closet, get a bag, and take it to his mother's house. Felder got the bag, looked inside, and saw cash, which she estimated to be $15,000. After Felder arrived at Pendergrass's mother's house, someone knocked on the door. Pendergrass's cousin answered the door, and Felder saw a woman outside. The woman said that she was there for Pendergrass. Felder gave the bag of cash to the woman. On February 1 or 2, 2009, Felder received a text message from a phone number that she did not recognize. For approximately two or three days, Felder exchanged text messages with the unknown number. As a result of the text messages, Felder took another bag, containing

between $25,000 and $30,000 in cash, to a certain location. Afterward, Felder learned that Pendergrass had been killed.

**Verdicts, Original Sentences, and First Appeal**

A jury found Nichols guilty of first-degree felony murder, false imprisonment, conspiracy to commit false imprisonment, extortion, and conspiracy to commit extortion.[2] The circuit court sentenced Nichols to: life imprisonment, with all but fifty years suspended, for first-degree felony murder; life imprisonment, with all but fifty concurrent years suspended, for false imprisonment; fifty concurrent years of imprisonment for conspiracy to commit false imprisonment; five concurrent years of imprisonment for extortion; five concurrent years of imprisonment for conspiracy to commit extortion; followed by five years of supervised probation. Nichols's original aggregate sentence was life imprisonment, with all but fifty years suspended, followed by five years of supervised probation.

Nichols appealed. On October 13, 2015, the Court of Special Appeals: vacated Nichols's conviction for first-degree felony murder, his sentence for conspiracy to commit extortion,[3] and his sentence for false imprisonment; affirmed the balance of Nichols's

---

[2]The jury found Nichols not guilty of first-degree premeditated murder, conspiracy to commit first-degree murder, kidnapping, and conspiracy to commit kidnapping.

[3]As to Nichols's conviction for first-degree felony murder, the Court of Special Appeals held that, because it was based on extortion, which is not a crime that can support first-degree felony murder, the conviction must be vacated. See Darryl Nichols v. State, No. 0169, Sept. Term, 2014, 2015 WL 5944381, at *3 (Md. Ct. Spec. App. Oct. 13, 2015). The Court of Special Appeals vacated Nichols's sentence for conspiracy to commit extortion because the circuit court had also sentenced him for conspiracy to commit false imprisonment, and the Court of Special Appeals concluded that a trial court may impose (Continued...)

- 8 -

convictions and sentences; and remanded for resentencing as to false imprisonment with instructions not to impose a sentence that exceeded thirty years of imprisonment. See Darryl Nichols v. State, No. 0169, Sept. Term, 2014, 2015 WL 5944381, at *6 (Md. Ct. Spec. App. Oct. 13, 2015). The Court of Special Appeals held that the circuit court erred in sentencing Nichols to life imprisonment, with all but fifty years suspended, for false imprisonment, as, under this case's circumstances, the maximum sentence for false imprisonment was thirty years of imprisonment. See id. at *5-6. Before the Court of Special Appeals, Nichols contended that conspiracy to commit false imprisonment is a lesser-included offense of kidnapping. See id. at *5. The Court of Special Appeals rejected this contention, as each crime includes an element that the other does not. See id. Specifically, one element of kidnapping is that the defendant transports the victim to another place, while conspiracy to commit false imprisonment does not include this element. See id. One element of conspiracy to commit false imprisonment is that the defendant agreed with at least one other person to commit the crime of false imprisonment, while kidnapping lacks this element. See id.

Nichols moved for reconsideration. On February 4, 2016, the Court of Special Appeals issued a superseding opinion that was identical to the original one, except that, in the new opinion: two footnotes were added to address the motion for reconsideration; typographical errors were fixed; and the Court vacated not only Nichols's sentence, but also his conviction, for conspiracy to commit extortion. Compare Nichols, 2015 WL

---

only one sentence for a common law conspiracy, regardless of how many crimes the defendant agreed to commit. See id. at *5-6.

5944381, with Nichols, 2016 WL 1622079, at \*4 n.4, \*5 n.5, \*6.

**Resentencing Proceeding**

On August 18, 2016, the circuit court conducted a resentencing proceeding. At the proceeding, Nichols's counsel asked the circuit court "to consider [an issue] that the Court of Special Appeals [had] not consider[ed.]" Nichols's counsel advised that CR § 1-202 states: "The punishment of a person who is convicted of conspiracy may not exceed the maximum punishment for the crime that the person conspired to commit." Nichols's counsel pointed out that the Court of Special Appeals had held that, under this case's circumstances, the maximum sentence for false imprisonment was thirty years of imprisonment. See Nichols, 2016 WL 1622079, at \*4-5. Nichols's counsel contended that, accordingly, the sentence for conspiracy to commit false imprisonment could not exceed thirty years of imprisonment. Nichols's counsel acknowledged that Nichols had not raised, and the Court of Special Appeals had not addressed, the issue of whether his sentence for conspiracy to commit false imprisonment could exceed the maximum sentence for false imprisonment.

The prosecutor responded that the Court of Special Appeals had affirmed Nichols's conviction and sentence for conspiracy to commit false imprisonment. The prosecutor contended that, if the Court of Special Appeals had intended for Nichols's sentence for conspiracy to commit false imprisonment to be capped at thirty years of imprisonment, it would have stated as much.

The circuit court concluded that it lacked the authority to resentence Nichols for conspiracy to commit false imprisonment. The circuit court observed that the Court of

- 10 -

Special Appeals had remanded only for resentencing as to certain of Nichols's convictions, which did not include his conviction for conspiracy to commit false imprisonment. The circuit court stated that the only issues that were before it were the ones that the Court of Special Appeals had addressed. The circuit court observed that it was conducting a resentencing proceeding, not a hearing on a motion to modify a sentence.

The circuit court resentenced Nichols to thirty years of imprisonment for false imprisonment. The circuit court made Nichols's new thirty-year sentence for false imprisonment consecutive to his existing fifty-year sentence for conspiracy to commit false imprisonment, making his new aggregate sentence eighty years of imprisonment. Nichols's counsel noted that his original sentence for false imprisonment had been concurrent to his sentence of life imprisonment, with all but fifty years suspended, for first-degree felony murder, and contended that the circuit court had impermissibly increased his aggregate sentence by imposing an aggregate sentence of eighty years of imprisonment— *i.e.*, by making his new sentence for false imprisonment consecutive to his existing sentence for conspiracy to commit false imprisonment. The circuit court did not agree.

### Opinion of the Court of Special Appeals in This Appeal

Nichols appealed again. On December 19, 2017, the Court of Special Appeals vacated Nichols's sentence for false imprisonment, affirmed in all other respects, and remanded for resentencing as to false imprisonment. See Nichols, 2017 WL 6492681, at *6. The Court of Special Appeals held that the law of the case doctrine prevented Nichols from challenging the sentence for conspiracy to commit false imprisonment on the ground that his sentence exceeded the maximum sentence for false imprisonment. See id. at *4.

- 11 -

The Court explained that the law of the case doctrine applied because the issue as to Nichols's sentence for conspiracy to commit false imprisonment could have been raised or decided in the first appeal. See id. at *3.

The Court of Special Appeals concluded that, under CJ § 12-702(b), the circuit court had impermissibly increased Nichols's aggregate sentence by imposing an active eighty-year sentence of incarceration. See id. at *6. The Court of Special Appeals remanded for resentencing with instructions not to impose a new sentence for false imprisonment that would result in an aggregate sentence of more than fifty active years of imprisonment. See id.

### Petition for a Writ of *Certiorari* and Conditional Cross-Petition

On February 7, 2018, Nichols petitioned for a writ of *certiorari*, raising the following issue: "Whether, despite Maryland Rule 4-345[(a)]'s provision that a court may correct an illegal sentence at any time, the law of the case doctrine may bar a claim of an illegal sentence for failure to properly raise the issue on appeal?" On February 21, 2018, the State conditionally cross-petitioned for a writ of *certiorari*, raising the following issue: "Is Nichols's total sentence of 80 years of imprisonment, which was imposed at resentencing, not an illegal increase from his previous total sentence of life with all but 50 years suspended?" On April 9, 2018, this Court granted the petition and the conditional cross-petition. See Nichols v. State, 458 Md. 580, 183 A.3d 156 (2018).

# DISCUSSION

## I. The Law of the Case Doctrine

## The Parties' Contentions

Nichols contends that the Court of Special Appeals erred in holding that the law of the case doctrine barred the circuit court from considering the issue of whether his sentence for conspiracy to commit false imprisonment is an illegal sentence because it exceeds the maximum sentence for false imprisonment. Nichols argues that the law of the case doctrine does not apply because the Court of Special Appeals did not decide that issue in the first appeal. Nichols asserts that, under Maryland Rule 4-345(a), a court may review an inherently illegal sentence at any time. Nichols maintains that his sentence for conspiracy to commit false imprisonment is an illegal sentence because it violates CR § 1-202, which prohibits a sentence for conspiracy from exceeding the maximum sentence for the crime that the defendant conspired to commit.

The State responds that the law of the case doctrine precluded Nichols from arguing that his sentence for conspiracy to commit false imprisonment is an illegal sentence. The State contends that the argument that Nichols pursued in the first appeal was the same as the argument that he pursued at the resentencing proceeding—namely, that his sentence for conspiracy to commit false imprisonment is an illegal sentence because it was subject to the thirty-year maximum sentence for false imprisonment. The State argues that, at the resentencing proceeding, Nichols did not raise a new issue, and instead simply relied on CR § 1-202 as additional support for the argument that he had made in the first appeal. The State asserts that, although a defendant may raise the issue of a sentence's legality at any

time under Maryland Rule 4-345(a), that does not mean that the defendant may re-raise an issue as to a sentence that an appellate court has resolved.

**Standard of Review**

An appellate court reviews without deference a lower court's conclusion as to whether the law of the case doctrine applies. See Balt. Cty. v. Fraternal Order of Police, Balt. Cty. Lodge No. 4, 449 Md. 713, 731, 144 A.3d 1213, 1224 (2016).

**Maryland Rule 4-345(a) and the Law of the Case Doctrine**

Maryland Rule 4-345(a) states: "The court may correct an illegal sentence at any time." In Smith v. State, 453 Md. 561, 576, 162 A.3d 955, 964 (2017), this Court explained where and how Maryland Rule 4-345(a) applies, stating:

> If a sentence is illegal within the meaning of [Maryland Rule 4-345(a)—]that is, the illegality inheres in the sentence itself[—]then the defendant may file a motion in the trial court to correct it, notwithstanding that[:] (1) no objection was made when the sentence was imposed, (2) the defendant purported to consent to it, or (3) the sentence was not challenged in a timely-filed direct appeal or at some other previous procedural juncture.

(Cleaned up).

In Scott v. State, 379 Md. 170, 182-83, 840 A.2d 715, 722 (2004), this Court held that Maryland Rule 4-345(a) does not "render[] the doctrine of law of the case inapplicable to motions to correct an illegal sentence." (Footnote omitted). In Scott, id. at 175, 840 A.2d at 718, a defendant filed a motion to correct an illegal sentence, contending that his two sentences of life imprisonment were unlawful for different reasons. Specifically, the defendant argued that his first sentence of life imprisonment was ambiguous because it was unclear whether he would be eligible for parole. See id. at 176, 840 A.2d at 719. The

defendant asserted that his second sentence of life imprisonment was ambiguous because it was unclear whether it was meant to be consecutive to or concurrent with his first sentence of life imprisonment. See id. at 177, 840 A.2d at 719. A trial judge denied the motion to correct an illegal sentence. See id. at 176-77, 840 A.2d at 719.

Years later, the defendant filed a second motion to correct an illegal sentence, repeating his previous contentions and arguing that new parole guidelines rendered his sentences of life imprisonment illegal. See id. at 179-80, 840 A.2d at 720. A second trial judge denied the motion to correct an illegal sentence, noting that the first trial judge had rejected the defendant's previous contentions, and concluding that the new parole guidelines did not render his sentences of life imprisonment illegal sentences. See id. at 180, 840 A.2d at 720-21. The defendant appealed, and the Court of Special Appeals affirmed the second trial judge's determination, holding that the law of the case doctrine applies to a motion to correct an illegal sentence. See id. at 180-81, 840 A.2d at 721.

Before this Court, the defendant contended that the Court of Special Appeals erred in holding that the law of the case doctrine applies to a motion to correct an illegal sentence. See id. at 181, 840 A.2d at 721. The defendant "argue[d] that, because [Maryland] Rule 4-345(a) allows a defendant to raise the illegality of a sentence at any time, it is inappropriate to use the doctrine of law of the case to give preclusive effect to earlier orders in a case denying relief." Id. at 181, 840 A.2d at 721.

This Court held that the Court of Special Appeals erred in applying the law of the case doctrine—but not for the reason that the defendant contended. See id. at 182-83, 840 A.2d at 722. This Court explained that the law of the case doctrine does not apply to a trial

- 15 -

court's ruling; thus, in <u>Scott</u>, contrary to the Court of Special Appeals's holding, the second trial judge was free to either adopt, or decline to adopt, the first trial judge's rejection of the contentions that the defendant made in both motions to correct an illegal sentence. <u>See</u> <u>id.</u> at 184-85, 840 A.2d at 723-24. This Court disagreed, however, with the defendant's argument that, under Maryland Rule 4-345(a), the law of the case doctrine does not apply to a motion to correct an illegal sentence. <u>See</u> <u>id.</u> at 182-83, 840 A.2d at 722. This Court explained the relationship between the law of the case doctrine and *res judicata*,[4] as well as the relationship between *res judicata* and Maryland Rule 4-345(a), as follows:

> The law of the case doctrine differs from *res judicata* in that it applies to court decisions [that are] made in the same, rather than a subsequent, case. . . . [B]ecause motions to correct an illegal sentence occur as part of the same criminal proceeding[,] and not a wholly independent action, . . . *res judicata* might apply if such a motion was considered to be a wholly independent action. . . . [H]owever, [] this is unlikely to occur because, although Maryland Rule 4-345(a) provides that "[t]he court may correct an illegal sentence at any time," [Maryland Rule 4-345(a)] creates a limited exception to the general rule of finality by sanctioning a method of opening a judgment [that is] otherwise final and beyond the reach of the court. [Maryland] Rule 4-345(a) is a limited exception because it applies only to motions that occur as part of the same criminal proceeding.

<u>Scott</u>, 379 Md. at 182 n.6, 840 A.2d at 722 n.6 (cleaned up).

In <u>State v. Garnett</u>, 172 Md. App. 558, 562-63, 916 A.2d 393, 395, <u>cert. denied</u>, 399 Md. 594, 925 A.2d 633 (2007), the Court of Special Appeals held that the law of the case doctrine did not bar a trial court from considering a challenge to a sentence where the

---

[4]*Res judicata*, which is also known as claim preclusion, is "[a]n affirmative defense barring the same parties from litigating a second lawsuit on the same claim, or any other claim arising from the same transaction or series of transactions and that could have been — but was not — raised in the first suit." *Res Judicata*, Black's Law Dictionary (10th ed. 2014).

defendant had not raised the challenge in a prior appeal. In <u>Garnett</u>, 172 Md. App. at 560, 916 A.2d at 394, the defendant was found guilty but not criminally responsible of certain crimes, and the trial court ordered restitution. The State filed a Motion to Allow Garnishment, which the defendant opposed on the ground that the order of restitution was not a criminal sanction, and thus was dischargeable in a bankruptcy proceeding. <u>See</u> <u>id.</u> at 560, 916 A.2d at 394. The trial court denied the Motion to Allow Garnishment, and the State appealed. <u>See</u> <u>id.</u> at 560, 916 A.2d at 394. This Court held that the trial court erred in denying the Motion to Allow Garnishment because the order of restitution was a criminal sanction, and was not dischargeable in a bankruptcy proceeding. <u>See</u> <u>id.</u> at 560, 916 A.2d at 394.

The defendant filed a Motion to Dismiss and to Correct Illegal Sentence, requesting that the trial court dismiss the Motion to Allow Garnishment and vacate the order of restitution on the ground that the defendant had been found guilty but not criminally responsible. <u>See</u> <u>id.</u> at 560, 916 A.2d at 394. The trial court granted the Motion to Dismiss and to Correct Illegal Sentence, and the State appealed again. <u>See</u> <u>id.</u> at 560, 916 A.2d at 394.

Before the Court of Special Appeals, the State contended that the law of the case doctrine barred the trial court from granting the Motion to Dismiss and to Correct Illegal Sentence. <u>See</u> <u>id.</u> at 561, 916 A.2d at 394. The Court of Special Appeals disagreed, observing that, in the first appeal, the defendant had not raised the issue of whether it was permissible to impose a criminal sanction on a defendant who had been found guilty but not criminally responsible. <u>See</u> <u>id.</u> at 562-63, 916 A.2d at 395. The Court of Special

Appeals addressed the relationship between the law of the case doctrine and Maryland Rule 4-345(a), stating:

> [Maryland] Rule 4-345(a) permits a defendant to assert an "illegal sentence" argument that was not previously addressed by an appellate court. Obviously, the law of the case doctrine would prevent relitigation of an "illegal sentence" argument that has been presented to[,] and rejected by[,] an appellate court. . . . On the other hand, [Maryland] Rule 4-345(a) would be meaningless if the law of the case doctrine were extended to sentences that could have been—but were not—challenged as illegal [when a defendant] filed his or her first appellate brief in this Court.

Id. at 561-62, 916 A.2d at 395 (paragraph break omitted).

**Analysis**

Here, consistent with existing case law, we conclude that the law of the case doctrine bars a trial court from considering under Maryland Rule 4-345(a) an issue as to the legality of a sentence where an appellate court has previously resolved the same issue. The law of the case doctrine does not, however, bar a trial court from considering under Maryland Rule 4-345(a) an issue as to the legality of a sentence that an appellate court has not resolved. In addition, the law of the case doctrine does not prohibit consideration of an issue as to the legality of a sentence under Maryland Rule 4-345(a) where a defendant could have raised, but failed to raise, the issue in a prior appeal.

The law of the case doctrine bars a trial court from considering an issue as to a sentence's legality that an appellate court has resolved. Maryland Rule 4-345(a) allows a defendant to raise a new issue as to a sentence's legality at any time; Maryland Rule 4-345(a) does not allow a defendant to re-raise an old issue as to a sentence's legality. In other words, "the law of the case doctrine [] prevent[s] relitigation of an 'illegal sentence'

argument that has been presented to[,] and rejected by[,] an appellate court." Garnett, 172 Md. App. at 562, 916 A.2d at 395. As this Court held in Scott, 379 Md. at 183, 840 A.2d at 722, Maryland Rule 4-345(a) does not render the law of the case doctrine inapplicable to an issue as to a sentence's legality.

Turning to this case's circumstances, to determine whether the law of the case doctrine applies, we must ascertain whether, in the first appeal, the Court of Special Appeals resolved the contention that Nichols raised at the resentencing proceeding. In other words, we must determine whether, at the resentencing proceeding, Nichols raised a new issue by contending that his sentence for conspiracy to commit false imprisonment was an illegal sentence because it violated CR § 1-202. If, as Nichols argues, he raised a new issue, then the Court of Special Appeals did not decide the issue in the first appeal, and the law of the case doctrine did not bar the circuit court from considering the issue at the resentencing proceeding. But, if, as the State asserts, Nichols did not raise a new issue—and instead simply provided new support (namely, CR § 1-202) as to an issue that he had already raised in the first appeal—then the Court of Special Appeals decided the issue in the first appeal, and the law of the case doctrine barred the circuit court from considering the new support as to the issue at the resentencing proceeding.

To resolve the question of whether Nichols raised at the resentencing proceeding an issue that he had not raised in the first appeal, we review his contentions in the first appeal and at the resentencing proceeding. In his brief in the first appeal, Nichols listed multiple questions presented, including: "Did the [circuit] court err by imposing sentences for false imprisonment and conspiracy to commit false imprisonment that exceeded the statutory

maximum penalty for the greater [] offense of kidnapping[, of] which [Nichols] was acquitted?" Brief of Appellant, Darryl Nichols v. State, No. 169, Sept. Term, 2014 (Md. Ct. Spec. App.), 2014 WL 7717632, at *3. Nichols contended that, where a defendant is charged with a lesser-included offense and a greater offense based on the same conduct, and is convicted only of the lesser-included offense, the trial court cannot impose a sentence that exceeds the maximum sentence for the greater offense. See id. at *16. Nichols argued that false imprisonment is a lesser-included offense of kidnapping, and that his sentence for conspiracy to commit false imprisonment could not exceed the maximum penalty for conspiracy to kidnap, which is thirty years of imprisonment. See id. at *17-18.

In its original opinion, the Court of Special Appeals rejected Nichols's contention, concluding that conspiracy to commit false imprisonment is not a lesser-included offense of kidnapping because each crime has an element that the other does not. See Nichols, 2015 WL 5944381, at *5. Nichols filed a motion for reconsideration in which he contended that conspiracy to commit false imprisonment is a lesser-included offense of conspiracy to commit kidnapping. See Nichols, 2016 WL 1622079, at *5 n.5. In its superseding opinion, the Court of Special Appeals disagreed. See id. The Court of Special Appeals determined, however, that a trial court may sentence a defendant for only one conspiracy based on the same conduct, no matter how many crimes the defendant agreed to commit. See id. The Court of Special Appeals vacated Nichols's conviction and sentence for conspiracy to commit extortion. See id. Thus, Nichols's sentence for conspiracy to commit false imprisonment was his only remaining sentence for conspiracy. See id.

A review of the record demonstrates that an issue as to CR § 1-202 was not raised

- 20 -

in Nichols's brief in the first appeal, see Brief of Appellant, Nichols, 2014 WL 7717632, the Court of Special Appeals's original opinion, see Nichols, 2015 WL 5944381, or the Court of Special Appeals's superseding opinion, see Nichols, 2016 WL 1622079.

At the resentencing proceeding, for the first time, Nichols's counsel argued that the sentence for conspiracy to commit false imprisonment is an illegal sentence under CR § 1-202. Nichols's counsel pointed out that CR § 1-202 states: "The punishment of a person who is convicted of conspiracy may not exceed the maximum punishment for the crime that the person conspired to commit." Nichols's counsel noted that the Court of Special Appeals had held that, under this case's circumstances, the maximum sentence for false imprisonment was thirty years of imprisonment. See Nichols, 2016 WL 1622079, at *4-5. Nichols's counsel contended that, accordingly, his sentence for conspiracy to commit false imprisonment could not exceed thirty years of imprisonment.

We agree with Nichols that he raised a new issue at the resentencing proceeding. In the first appeal, Nichols contended that his fifty-year sentence for conspiracy to commit false imprisonment was illegal because it exceeded the thirty-year maximum sentence for conspiracy to commit kidnapping, of which he was acquitted, and he argued that conspiracy to commit false imprisonment was a lesser-included offense of conspiracy to commit kidnapping. By contrast, at the resentencing proceeding, Nichols argued that his fifty-year sentence for conspiracy to commit false imprisonment was illegal because it exceeded the thirty-year maximum sentence for false imprisonment, and thus violated CR § 1-202. Nichols's arguments clearly raised different issues.

We reject the State's contention that, at the resentencing proceeding, Nichols simply

provided new support—namely, CR § 1-202—as to an issue that he had already raised in the first appeal. The State reasons that, both in the first appeal and at the resentencing proceeding, Nichols contended that his sentence for conspiracy to commit false imprisonment "was illegal because it was subject to the [thirty]-year cap [] on his sentence for false imprisonment." The State is mistaken. In the first appeal, Nichols argued that his sentence for conspiracy to commit false imprisonment could not exceed the maximum sentence for conspiracy to commit kidnapping—not that it could not exceed the maximum sentence for false imprisonment. See Brief of Appellant, Nichols, 2014 WL 7717632, at *17-18; Nichols, 2016 WL 1622079, at *5 n.5.

At oral argument, the State contended that the law of the case doctrine bars Nichols's argument as to CR § 1-202 because, according to the State, Nichols could have raised the argument in the first appeal but failed to do so. We note that this position contradicts the State's earlier contention that Nichols should be barred from raising CR § 1-202 because he argued a similar point during the first appeal by advocating for a sentence of no more than thirty years of imprisonment for conspiracy to commit false imprisonment. Despite the variance in the State's position, we are of the view that, notwithstanding the law of the case doctrine, under Maryland Rule 4-345(a), a trial court may consider an issue as to a sentence's legality that a defendant could have raised, but failed to raise, in a prior appeal. Maryland "Rule 4-345(a) would be rendered meaningless if the law of the case doctrine were extended [to preclude challenges] to sentences that could have been—but were not—challenged as illegal" when a defendant pursued his or her appeal in the Court of Special Appeals. Garnett, 172 Md. App. at 562, 916 A.2d at 395. Moreover, it has been

- 22 -

established that under Maryland Rule 4-345(a), a defendant may raise an issue as to a sentence's legality even if he or she did not raise the issue "in a timely-filed direct appeal or at some other previous procedural juncture." Smith, 453 Md. at 576, 162 A.3d at 964 (cleaned up).

Under the circumstances of this case, the law of the case doctrine did not bar the circuit court from considering the issue that Nichols raised at the resentencing proceeding. Having determined that the issue of whether Nichols's sentence for conspiracy to commit false imprisonment violated CR § 1-202 was properly before the circuit court—and, by extension, is properly before this Court—we turn to the merits.

## II. CR § 1-202

### The Parties' Contentions

Nichols contends that his sentence of fifty years of imprisonment for conspiracy to commit false imprisonment is an illegal sentence. Nichols points out that he was charged with false imprisonment (a lesser-included offense) and kidnapping (a greater offense) based on the same conduct. Nichols notes that, where a defendant is charged with a lesser-included offense and a greater offense based on the same conduct, and is convicted only of the lesser-included offense, the trial court cannot impose a sentence that exceeds the maximum sentence for the greater offense. Nichols argues that, because the maximum sentence for kidnapping is thirty years of imprisonment, see CR § 3-502(b), the circuit court could not sentence him to more than thirty years of imprisonment for false imprisonment. Nichols advises that CR § 1-202 states: "The punishment of a person who is convicted of conspiracy may not exceed the maximum punishment for the crime that the

- 23 -

person conspired to commit." Nichols asserts that, based on CR § 1-202, his sentence for conspiracy to commit false imprisonment could not exceed his thirty-year sentence for false imprisonment.

The State responds that Nichols's sentence for conspiracy to commit false imprisonment is a legal sentence and that it did not exceed the maximum sentence for false imprisonment. The State argues that false imprisonment is a common law crime for which no statute prescribes a maximum sentence. The State asserts that, generally, a trial court may impose any sentence for false imprisonment that is not cruel and unusual. The State contends that, accordingly, a fifty-year sentence for conspiracy to commit false imprisonment does not exceed the maximum sentence for false imprisonment, and does not violate CR § 1-202. The State maintains that, as used in CR § 1-202, the term "maximum punishment" means the highest possible sentence for a crime, not the sentence that a trial court imposed in a particular case. In other words, the State asserts that CR § 1-202 permits a sentence for a conspiracy to be up to the statutory maximum sentence, if any, for the crime that the defendant conspired to commit.

**Standard of Review**

An appellate court reviews without deference the issue of whether a sentence is illegal. See State v. Crawley, 455 Md. 52, 66, 166 A.3d 132, 140, reconsideration denied (Aug. 23, 2017). "In interpreting a statute, a court first considers the statute's language, which the court applies where the statute's language is unambiguous and clearly consistent with the statute's apparent purpose." Hailes v. State, 442 Md. 488, 495, 113 A.3d 608, 612 (2015) (cleaned up).

## CR § 1-202 and Its Predecessors

In 1927, the General Assembly enacted CR § 1-202's earliest predecessor, Md. Code Ann., Art. 27, § 43-A, which set the maximum sentence for any conspiracy at ten years of imprisonment and/or a $2,000 fine. See 1927 Md. Laws 1306 (Ch. 651). Without amending the statute, the General Assembly recodified it three times. First, as of 1939, the statute had been recodified as Art. 27, § 42. Second, as of 1951, the statute had been recodified as Art. 27, § 46. And third, as of 1957, the statute had been recodified as Art. 27, § 38.

In Scarlett v. State, 201 Md. 310, 320-21, 93 A.2d 753, 757-58 (1953), this Court held that, under Art. 27, § 46, a trial court did not abuse its discretion in sentencing a defendant to seven years of imprisonment for conspiracy to violate a lottery law, even though the maximum sentence for a first conviction of violating the lottery law was only one year of imprisonment. This Court noted that the defendant's seven-year sentence was "considerably below the" ten-year maximum sentence under Art. 27, § 46. Id. at 320, 93 A.2d at 758. This Court was unpersuaded by the defendant's reliance on a federal statute under which, if a defendant was convicted of conspiracy to commit a misdemeanor, the defendant's sentence could not exceed the maximum sentence for the misdemeanor. See id. at 320-21, 93 A.2d at 758. This Court stated: "Whether or not the proviso in the [federal statute] has merit, the fact remains that [Art. 27, § 46] does not contain such a proviso." Id. at 321, 93 A.2d at 758.

Eight years after this Court decided Scarlett, the General Assembly amended Art. 27, § 38 (Art. 27, § 46's successor) to include language that was similar to the federal

statute's language.  See 1961 Md. Laws 1185 (Ch. 691, H.B. 860).  Specifically, in 1961, the General Assembly eliminated the ten-year/$2,000 maximum sentence for any conspiracy by amending Art. 27, § 38 to state: "The punishment of every person convicted of the crime of conspiracy shall not exceed the maximum punishment provided for the offense he or she conspired to commit."  Id.

Seven years later, in State v. Michael, 2 Md. App. 750, 753, 237 A.2d 782, 784 (1968), the Court of Special Appeals discussed the General Assembly's intent in amending Art. 27, § 38 as follows:

> It seems obvious to us [that] the intention of the [General Assembly] was simply to avoid the effects of *Scarlett*[, 201 Md. at 320-21, 93 A.2d at 757-58,] which held that a[ defendant] could, in some cases, receive a much longer term for a conspiracy than for the completed crime [that] was the object of the conspiracy.

(Citation omitted).  In Johnson v. State, 362 Md. 525, 533, 766 A.2d 93, 97 (2001), this Court quoted, and did not dispute the accuracy of, the Court of Special Appeals's assessment in Michael, 2 Md. App. at 753, 237 A.2d at 784.

In 2002, as part of the Code Revision, the General Assembly repealed Art. 27, § 38 and replaced it by enacting Md. Code Ann., Crim. Law (2002) ("CR (2002)") § 1-202, which stated: "The punishment of a person who is convicted of conspiracy may not exceed the maximum punishment for the crime that the person conspired to commit."  2002 Md. Laws 209 (Vol. I, Ch. 26, H.B. 11).  CR (2002) § 1-202's Revisor's Note stated in pertinent part: "The only changes are in style."  Id.  Since 2002, the General Assembly has not amended the statute.

- 26 -

**Analysis**

Here, we conclude that, under CR § 1-202, where a defendant is convicted of both a crime and conspiracy to commit that crime, a trial court may not impose for conspiracy a sentence that exceeds the sentence that the trial court imposed for the crime that the person conspired to commit. CR § 1-202's plain language states: "The punishment of a person who is convicted of conspiracy may not exceed the maximum punishment for the crime that the person conspired to commit." A plain language analysis of CR § 1-202 warrants the stance that we reach. And, although CR § 1-202's language is unambiguous, we observe, as a confirmatory matter, that CR § 1-202's legislative history requires the same outcome. In other words, in enacting CR § 1-202, the General Assembly's purpose was to ensure that, in any given case, a defendant's sentence for conspiracy to commit a crime would not exceed the sentence that the defendant received for the crime that the defendant conspired to commit.

The State does not identify any case, and we know of none, after the 1961 amendment to Art. 27, § 38 in which a defendant was convicted of both a crime and conspiracy to commit that crime, and an appellate court held that it was proper for the sentence for conspiracy to exceed the sentence for the crime that the defendant conspired to commit. Indeed, at oral argument, the Assistant Attorney General acknowledged that she was unaware of the existence of such a case. Neither CR § 1-202 nor any other Maryland authority supports the proposition that a sentence for conspiracy to commit a crime may exceed the sentence for the crime that the defendant conspired to commit.

Under the State's position, where a defendant is convicted of conspiracy to commit

a common law crime, such as false imprisonment, CR § 1-202 does not apply, and thus would not set a cap on the sentence. Simply put, adopting the State's position would lead to unacceptable results, as this case's circumstances demonstrate. After the resentencing proceeding, Nichols's sentence for false imprisonment was thirty years of imprisonment, whereas his sentence for conspiracy to commit false imprisonment was fifty years of imprisonment. If we adopted the State's position, it would be permissible for Nichols to have a fifty-year sentence for conspiracy, which is twenty years more than his thirty-year sentence for actually committing the crime in question. This circumstance would be inconsistent with the plain language of CR § 1-202 and would indicate that Nichols was more culpable for agreeing to falsely imprison Pendergrass than for actually falsely imprisoning him.

We do not discern any ambiguity in the plain language of CR § 1-202. The statute's plain language requires the outcome that we reach. CR § 1-202 plainly states that the punishment for a person who is convicted of conspiracy may not exceed the maximum punishment for the crime that the person conspired to commit. CR § 1-202 uses the word "punishment" rather than "sentence," which is a strong indicator that CR § 1-202 refers to the imprisonment or punishment that is actually imposed on a defendant. Additionally, CR § 1-202's legislative history supports our conclusion. CR § 1-202's predecessor, Art. 27, § 38, was amended after this Court's holding in Scarlett, 201 Md. at 320-21, 93 A.2d at 757-58, which permitted a defendant's sentence for conspiracy to exceed the punishment for the underlying crime. In amending Art. 27, § 38, the General Assembly would necessarily have been aware of Scarlett and purposely amended a statute to abrogate it.

Even if we perceived ambiguity in CR § 1-202's language, and the legislative history were not dispositive, the result would be the same. Where a statute is ambiguous, and where the means of statutory interpretation fail to resolve the ambiguity, the rule of lenity compels a court to resolve the ambiguity in the defendant's favor. As this Court explained in Oglesby v. State, 441 Md. 673, 681, 109 A.3d 1147, 1151-52 (2015):

> The "rule of lenity" is not a rule in the usual sense, but an aid for dealing with ambiguity in a criminal statute. Under the rule of lenity, a court [that is] confronted with an otherwise unresolvable ambiguity in a criminal statute that allows for two possible interpretations of the statute will opt for the construction that favors the defendant. For a court [that is] construing a statute, the rule of lenity is not a means for determining—or defeating— legislative intent. Rather, it is a tie-goes-to-the-runner device that the court may turn to when it despairs of fathoming how the General Assembly intended that the statute be applied in the particular circumstances. It is a tool of last resort, to be rarely deployed and applied only when all other tools of statutory construction fail to resolve an ambiguity. This follows from the fact that our goal in construing statutes is always to ascertain and carry out the legislative purpose of the statute and not to seek out an interpretation that necessarily favors one party or the other.

(Cleaned up).

The State relies on two cases for the proposition that CR § 1-202 makes a sentencing cap inapplicable to a sentence for conspiracy. The State brings to our attention that, in Johnson, 362 Md. at 530, 766 A.2d at 96, this Court stated that CR § 1-202's predecessor's "reference to the maximum sentence for the substantive or target offense means the basic maximum sentence[,] and does not include any enhanced penalty provisions." (Citations omitted). And, in DeLeon v. State, 102 Md. App. 58, 71, 648 A.2d 1053, 1059 (1994), the Court of Special Appeals stated that a statute that was similar to CR § 1-202's predecessor, concerning conspiracy to violate the controlled dangerous substances law, "contemplate[d]

- 29 -

the ordinary maximum available for all who perpetrate the target crime[,] and [did] not incorporate the enhanced penalty provisions [that were] available only for certain of those perpetrators."

The State's reasoning is faulty. Plainly, CR § 1-202 acts as a cap on sentencing with respect to the punishment for a conspiracy offense exceeding the punishment for the underlying crime. It is accurate that, in Johnson, 362 Md. at 530, 766 A.2d at 96, and DeLeon, 102 Md. App. at 71, 648 A.2d at 1059, this Court and the Court of Special Appeals, respectively, indicated that CR § 1-202's predecessor and a similar statute prevented a trial court from imposing an enhanced sentence for conspiracy. We do not agree with the State, however, that the observation in Johnson and DeLeon that CR § 1-202 and a similar statute set a cap on sentences for conspiracy by making enhanced penalties inapplicable, means that, under CR § 1-202, a trial court is free to sentence a defendant for conspiracy in excess of the punishment for the underlying crime.

Based on the plain language of CR § 1-202 and its legislative history, we are convinced that the circuit court erred in declining to resentence Nichols for conspiracy to commit false imprisonment. We vacate Nichols's fifty-year sentence for conspiracy to commit false imprisonment, and remand with directions to resentence Nichols to no more than thirty years of imprisonment for conspiracy to commit false imprisonment.

### III. CJ § 12-702(b)

### The Parties' Contentions

The State contends that the Court of Special Appeals erred in concluding that the circuit court impermissibly increased Nichols's aggregate sentence by imposing an

aggregate sentence of eighty years of imprisonment for conspiracy to commit false imprisonment and false imprisonment. The State observes that Nichols's original aggregate sentence was life imprisonment, with all but fifty years suspended, followed by five years of supervised probation. By contrast, after the resentencing proceeding, his aggregate sentence was eighty years of imprisonment, with no sentence of life imprisonment. The State points out that, if Nichols's original aggregate sentence had remained intact, the circuit court could have imposed a sentence of life imprisonment for a violation of probation. The State argues that a sentence that includes a sentence of life imprisonment, regardless of how much, if any, of the sentence has been suspended, is more severe than a sentence that does not include a sentence of life imprisonment.

Nichols responds that the circuit court impermissibly increased his sentence by imposing a new aggregate sentence that included thirty more unsuspended years of imprisonment than his original aggregate sentence. Nichols points out that, in the first appeal, the Court of Special Appeals vacated his conviction and life sentence for first-degree felony murder and vacated his life sentence for false imprisonment. Nichols contends that the existence of the two original sentences of life imprisonment does not justify an increase in the unsuspended portion of his sentence, as the circuit court lacked the authority to impose his two original sentences of life imprisonment in the first place.

### CJ § 12-702(b)

CJ § 12-702(b) states, in pertinent part:

> If an appellate court remands a criminal case to a lower court in order that the lower court may pronounce the proper . . . sentence, . . . the lower court may impose any sentence authorized by law to be imposed as punishment for

the offense. However, it may not impose a sentence more severe than the sentence previously imposed for the offense unless:

(1) The reasons for the increased sentence affirmatively appear;

(2) The reasons are based upon additional objective information concerning identifiable conduct on the part of the defendant; and

(3) The factual data upon which the increased sentence is based appears as part of the record.

In Twigg v. State, 447 Md. 1, 30, 133 A.3d 1125, 1142 (2016), this Court held that, for CJ § 12-702(b)'s purposes, a trial court has "impose[d] a sentence more severe than the sentence previously imposed" where the new aggregate sentence is higher than the original aggregate sentence. In Twigg, id. at 5, 133 A.3d at 1128, a trial court sentenced a defendant to: twenty years of imprisonment for second-degree rape; ten consecutive years of imprisonment for third-degree sexual offense; ten consecutive years of imprisonment for incest; and fifteen suspended years of imprisonment, and five years of probation, for child abuse. The defendant's original aggregate sentence was forty years of imprisonment, with five years of probation. See id. at 5, 133 A.3d at 1128. The Court of Special Appeals vacated the defendant's sentences for second-degree rape, third-degree sexual offense, and incest, determining that, for sentencing purposes, the trial court should have merged those convictions with the conviction for child abuse. See id. at 9, 133 A.3d at 1130. The Court of Special Appeals also vacated the defendant's sentence for, and remanded for resentencing as to, child abuse, explaining that the trial court was entitled to impose a new aggregate sentence. See id. at 9, 133 A.3d at 1130. The Court of Special Appeals determined that the trial court could resentence the defendant to the maximum sentence of

fifteen years of imprisonment for child abuse, as, under that circumstance, the defendant's new aggregate sentence would not exceed the original aggregate sentence of forty years of imprisonment. See id. at 9, 133 A.3d at 1130-31.

This Court held that, for sentencing purposes, the trial court needed to merge only the defendant's conviction for second-degree rape with his conviction for child abuse; in other words, the Court of Special Appeals erred in holding that, for sentencing purposes, the trial court also needed to merge the defendant's convictions for third-degree sexual offense and incest with his conviction for child abuse. See id. at 18, 133 A.3d at 1136. This Court concluded that the Court of Special Appeals acted within its authority, and did not violate the Due Process Clause or the prohibition on double jeopardy, by vacating the defendant's sentence for child abuse and remanding for resentencing on all of the offenses of conviction. See id. at 19, 133 A.3d at 1136.

This Court rejected the defendant's contention that CJ § 12-702(b) precluded the trial court from resentencing him for child abuse because any term of imprisonment would exceed his original entirely-suspended sentence for child abuse. See id. at 24, 133 A.3d at 1139. This Court determined that, as used in CJ § 12-702(b), the word "offense" does not mean an individual crime for which a trial court sentences a defendant, and instead refers to "the entirety of the sentencing package that takes into account each of the individual crimes of which the defendant was found guilty." Id. at 26-27, 133 A.3d at 1141. This Court explained: "[A]fter an appellate court unwraps the [sentencing] package and removes one or more charges from its confines, the sentencing judge, herself, is in the best position to assess the effect of the withdrawal and to redefine the [sentencing] package's size and

shape (if, indeed, redefinition seems appropriate)." Id. at 28, 133 A.3d at 1141-42 (cleaned up). This Court concluded that the trial court could resentence the defendant to up to the maximum sentence of fifteen years of imprisonment for child abuse because that sentence, combined with his ten-year sentence for third-degree sexual offense and his ten-year sentence for incest, would make his new aggregate sentence thirty-five years of imprisonment, which would not exceed his original aggregate sentence of forty years of imprisonment. See id. at 30, 133 A.3d at 1142-43.

**Analysis**

Here, we conclude that, under CJ § 12-702(b), an aggregate sentence of a certain number of years of imprisonment is more severe than a sentence of life imprisonment, with all but a lower number of years suspended. Where a trial court imposes an aggregate sentence of a certain number of years of imprisonment, the defendant is essentially guaranteed to serve that term of imprisonment, barring a circumstance such as the grant of parole. By contrast, where a trial court imposes a sentence of life imprisonment, with all but a certain number of years suspended, it is impossible to know in advance whether the defendant will serve only that term of years, or whether the defendant will serve a life sentence based on a potential violation of probation. If the defendant finishes the term of probation without violating any condition thereof, then the defendant will no longer be subject to a sentence of life imprisonment. And, even if the defendant violates a condition of probation, the defendant will not necessarily become subject to a sentence of life imprisonment. A trial court may not "impose any sentence that might have originally been imposed for the crime of which the probationer or defendant was convicted" unless the

- 34 -

violation of a condition of probation is the defendant's "fourth or subsequent technical violation or a violation that is not a technical violation[.]" Md. Code Ann., Crim. Proc. (2001, 2008 Repl. Vol., 2018 Supp.) ("CP") § 6-223(d)(2)(ii).  And, where the defendant commits such a violation of probation, it is within the trial court's discretion whether to impose the full suspended portion of the sentence; CP § 6-223(d)(2)(ii) states that the trial court "may" do so, not that the trial court "shall" do so.[5]  In short, where a trial court imposes a sentence of life imprisonment, with all but a certain number of years suspended, the defendant will not necessarily serve a sentence of life imprisonment.  Thus, it cannot be said that a sentence of life imprisonment, with all but a certain number of years suspended, is more severe than an aggregate sentence of a greater number of years of imprisonment.

In sum, we conclude that, under CJ § 12-702(b), Nichols's original aggregate sentence—life imprisonment, with all but fifty years suspended, followed by five years of supervised probation—was less severe than his new eighty-year aggregate active sentence. Accordingly, the circuit court increased Nichols's aggregate sentence by imposing a new aggregate sentence of eighty years of imprisonment where he had previously been subject to a sentence of life imprisonment, with all but fifty years suspended.

## IV. Remand for Resentencing

### The Parties' Contentions

The State contends that, if we hold that Nichols's sentence for conspiracy to commit

---

[5]CP § 6-223(d)(2)(ii) was amended by the Justice Reinvestment Act, effective October 1, 2017, which was after the resentencing in this case.

false imprisonment should have been no more than thirty years of imprisonment (which we do), we should vacate all of his sentences and remand for resentencing. Nichols has not taken a position on the scope of the remand. We agree with the State.

**Remand in <u>Twigg</u>**

In <u>Twigg</u>, 447 Md. at 5, 18-19, 30, 133 A.3d at 1128, 1136, 1142-43, where a trial court sentenced a defendant for second-degree rape, third-degree sexual offense, incest, and child abuse, this Court vacated the defendant's sentences for second-degree rape and child abuse, and remanded for resentencing only as to child abuse. Significantly, this Court explained that the defendant's sentences for third-degree sexual offense and incest did not need to be vacated, and stated:

> The State does not seek to have vacated the sentences for incest and third[-]degree sexual offense, for both of which [the defendant] received the maximum sentence. **We do not intend this opinion to be read as precluding, in the appropriate case, vacation of all sentences [that were] originally imposed on those convictions and sentences [that were] left undisturbed on appeal, so as to provide the [trial] court maximum flexibility on remand to fashion a proper sentence that takes into account all of the relevant facts and circumstances.** The only caveat, aside from the exception set forth in [CJ] § 12-702(b)(1)-(3), is that any new sentence, in the aggregate, cannot exceed the aggregate sentence [that was] imposed originally.

<u>Id.</u> at 30 n.14, 133 A.3d at 1143 n.14 (emphasis added).

**Analysis**

Here, we grant the State's request to vacate all of Nichols's sentences and remand to the circuit court for resentencing as to all of his three remaining convictions, which are for false imprisonment, conspiracy to commit false imprisonment, and extortion. As this Court stated in <u>Twigg</u>, 447 Md. at 30 n.14, 133 A.3d at 1143 n.14, where an appellate court

- 36 -

determines that at least one of a defendant's sentences must be vacated, the appellate court may vacate all of the defendant's sentences and remand for resentencing "to provide the [trial] court maximum flexibility on remand to fashion a proper sentence that takes into account all of the relevant facts and circumstances." Under this case's circumstances, we find it appropriate to exercise our discretion to vacate all of Nichols's sentences. Nichols's convictions and sentences arose from the same conduct involving the same victim. Vacating all sentences will permit the circuit court to consider all of the relevant facts and circumstances of the case. And, Nichols has not expressly asked that we refrain from doing so.

On remand, consistent with our holding that the sentence of life imprisonment with all but fifty years suspended is less severe than the sentence of eighty years of imprisonment, the circuit court must impose an aggregate sentence that does not exceed fifty years of imprisonment. As the Court of Special Appeals held in the first appeal, the circuit court may sentence Nichols to up to thirty years of imprisonment for false imprisonment. See Nichols, 2015 WL 5944381, at *4-5. The circuit court may sentence Nichols to up to thirty years of imprisonment for conspiracy to commit false imprisonment. And, the circuit court may sentence Nichols up to ten years of imprisonment for extortion. See CR § 3-705(b). We set forth the following table identifying the offenses and maximum sentences:

| Crime: | Maximum Sentence: |
|---|---|
| False imprisonment | Thirty years of imprisonment |
| Conspiracy to commit false imprisonment | Thirty years of imprisonment |
| Extortion | Ten years of imprisonment |
| **Aggregate Sentence in This Case:** | Fifty years of imprisonment |

The circuit court may make Nichols's new sentences either concurrent with or consecutive to each other.  Under CJ § 12-702(b), however, Nichols's new aggregate sentence cannot exceed fifty years of imprisonment, given that his original aggregate sentence was life imprisonment, with all but fifty years suspended, followed by five years of supervised probation.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED.  CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO VACATE ALL OF PETITIONER'S SENTENCES AND REMAND TO THE CIRCUIT COURT FOR BALTIMORE CITY WITH INSTRUCTIONS TO RESENTENCE PETITIONER CONSISTENT WITH THIS OPINION.  COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE DIVIDED EVENLY BETWEEN THE PARTIES.**